Opinion by
Mr. Justice Hodges.
The plaintiffs in error, Albert Miera and Milton Duran, were charged with forcible rape. By jury verdict, they were found not guilty of forcible rape, but were found guilty of the lesser included offense of assault with intent to commit rape. Judgments were entered against both defendants and they were each sentenced to penitentiary terms of not less than two nor more than three years.
By their writ of error, Miera and Duran present several grounds which they claim require reversal of their convictions. However, we deem it unnecessary to consider in detail these claimed errors because in our view the evidence fails to support the verdict of guilty to the lesser included crime of assault with intent to commit rape. Our review of the record leads us to the conclusion that when the jury found the defendants not guilty of forcible rape, as defined in C.R.S. 1963, 40-2-25 (1) (a) (d), there remained no basis in the evidence for the jury to find the defendants guilty of assault with intent to commit rape.
We are not unmindful of People v. Futamata, 140 Colo. 233, 343 P.2d 1058 involving a not guilty verdict of forcible rape, wherein it was held that, under the evidence of that case, it was improper for the trial court to refuse to submit a verdict and instruction on the lesser included offense of assault with intent to commit rape. This case stands for the proposition that it is the character of the evidence which must control *256 in determining whether the lesser included offense of assault with intent to commit rape can stand alone or fall on acquittal of forcible rape. In Futamata this court stated:
“It does not follow from the conclusion that the aggravated assault need not be specifically pleaded that the court is invariably required to submit the lesser included crime to the jury. There remains the question whether the evidence justifies this action. Oftentimes the evidence precludes submission even when the offense is charged in a separate count, and in some cases the evidence is such that the jury must determine the case on the greater offense and that alone. An example of this is Lewis v. People, 124 Colo. 62, 235 P. (2d) 335 [sic] [348]. There it was held that a conviction of attempt to take indecent liberties was unsupported by the evidence and could not stand; that the evidence supported the completed act or nothing at all. The defendant’s acquittal of the substantive charge ended the case.”
Upon oral argument, the Attorney General expressed grave doubts as to whether the People’s evidence was sufficient to sustain the verdicts of guilty of assault with intent to commit rape. We agree and hold, as heretofore stated, that the verdicts cannot be sustained on the evidence in this record.
The judgments are reversed and the defendants are ordered discharged.
Mr. Chief Justice Moore, Mr. Justice Day and Mr. Justice Pringle concur.