## No. 25038

## The People of the State of Colorado v.
## Pete Joseph Velasquez
(497 P.2d 12)

Decided May 15, 1972.          Rehearing denied June 5, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, Jonathan M.

Dreger, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant Velasquez was convicted of attempted robbery pursuant to 1967 Perm. Supp., C.R.S. 1963, 40-25-1(1).

The criminal action arose out of an encounter between two groups of boys in downtown Delta, Colorado. When members of one group, including defendant, began "shoving around" members of the other, one Larry Proctor broke from the latter group and ran across the street. Defendant pursued Proctor, grabbed him, and held him by the shirt. According to Proctor's version of the encounter, defendant threatened to knife Proctor and asked for "a little bit of money." This confrontation culminated in defendant partially removing from his pocket an object which Proctor claimed was a pocket knife. Proctor bolted and ran to a corner store to call the police. Defendant, when arrested, did not have a knife on his person.

Defendant testified on his own behalf and admitted chasing and grabbing Proctor. He stated that his purpose was to keep Proctor from informing the police and accusing defendant of something he had not done. Defendant denied threatening Proctor with a knife, and indicated that the object which he had produced from his pocket was a cigarette lighter.

The case was submitted to the jury on the charge of attempted robbery. Defendant requested an instruction on simple assault which the court refused. In this appeal that ruling of the court is cited as error on the assertion that simple assault is a lesser included offense within the charge of attempted robbery. We agree.

C.R.S. 1963, 40-2-33, states: "An assault is an unlawful *attempt* coupled with a present ability to commit a violent injury on the person of another." 1967 Perm. Supp., C.R.S. 1963, 40-25-1(1), defines criminal attempt as an

attempt to commit a crime with the intent to obtain a result which, if accomplished, would constitute the crime. The crime of robbery *allegedly attempted,* as defined in 1967 Perm. Supp., C.R.S. 1963, 40-5-1(1) is "* * * the felonious and violent taking of money, goods, or other valuable thing from the person of another by force or intimidation.* * *" Robbery usually characterized as "aggravated" is committed if, in the perpetration thereof, one "* * * wounds or strikes the person robbed or any other person with a dangerous weapon, or by the use of force, threats, or intimidation puts the person robbed or any other person in reasonable fear of death or bodily injury, with a weapon* * *." The test to determine whether a lesser crime is included within a greater is stated in *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058, quoting *Wharton, Criminal Law and Procedure,* Vol. 4, p. 752, § 1888:

"If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater."

The requisite existence of a weapon in so-called "aggravated" robbery necessarily imports the element of present ability. Robbery, as defined pursuant to the second alternative of section 40-5-1(2)(c) with which defendant was charged, involves the elements of *force* or *intimidation* and the *victim's reasonable fear* of death or injury. Necessarily, we think, these requirements involve an *attempt* to violently injure. It follows that since simple assault contains no elements not contained within *attempted* aggravated robbery, while the latter contains more elements than the former, the former is included within the latter as a lesser offense. Although this matter has not heretofore been presented to this Court, we note the question is not novel and has been dealt with in other states. For example, although we would not go that far, in *James v. State,* 215 Tenn. 221, 385 S.W.2d 86, wherein the portion of the Tennessee robbery statute requires a "putting the person in fear" (as does Colorado),

the Supreme Court there held that robbery necessarily includes an assault as a lesser included offense. *See also Robertson v. State,* 24 Ala. App. 237, 133 So. 742; *Bewley v. State,* 247 Ind. 652, 220 N.E.2d 612; *State v. Lunsford,* 229 N.C. 229; 49 S.E.2d 410; *State v. Bell,* 228 N.C. 659, 46 S.E.2d 834; *State v. Wenrich,* 251 N.C. 460, 111 S.E.2d 582.

■ The remaining question is whether the evidence in the instant case justified the giving of the instruction as requested in order to submit the lesser included offense to a jury. In *People v. Futamata, supra,* the court, quoting from *People v. Mussenden,* 308 N.Y. 558, 127 N.E.2d 551, noted:

" 'The principle has * * *evolved that the submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one. [Citing cases] * * *' "

In the present case, defendant, in effect, denied attempting to rob Proctor, but admitted that he had chased, grabbed and held Proctor and, in effect, put him in fear of bodily harm to prevent him from informing the police and accusing defendant of criminal activity. Thus, it was possible for the jury — if given the choice — to entertain a reasonable doubt as to defendant's guilt of attempted robbery, and at the same time to be convinced by reason of defendant's admissions that he was guilty of making an assault upon the complaining witness.

Judgment is reversed and cause remanded for new trial.

MR. JUSTICE LEE dissenting.