Opinion by
MR. JUSTICE DAY.
This is an appeal from a conviction of assault with the intent to commit murder in violation of C.R.S. 1963, 40-2-34. Appellant will be referred to as defendant.
A summary of the events leading to and culminating in the charge follows: Defendant’s son Ronny and the defendant had a strained relationship which had existed for several years. The continual feuding led to Ronny’s being evicted from the family home. Several days later Ronny returned to the house for the alleged purpose of securing “his” roofing tools so that he might work. There was a confrontation between defendant and her son, but Ronny obtained the tools and started to leave. Defendant had originally agreed to release the tools to her son, but changed her mind; and, while brandishing a pistol, ordered the youth to leave the tools in the car. Defendant again ordered Ronny to leave the premises. After driving around the block and parking near the house, Ronny entered the house by the back door. When defendant learned of his return into the house, she proceeded upstairs to find him. Upon discovering Ronny’s hiding place, defendant pointed the gun at him and said, “I’ll kill you.” Ronny was standing about eight steps away and partially behind the wall in the bathroom when defendant fired the gun. Ronny was grazed by the shot and immediately left the house seeking medical aid at a nearby hospital.
Defendant’s theory of the case revolves around testimony and other evidence that she was an expert marksman. She contended that her only intent was to persuade her “agitating” son to leave the house, and that if she had wanted to seriously injure her son, she could have easily done so. She testified she sought “only to scare him.”
Defendant’s major contentions on appeal concern the *130 impropriety of certain instructions given to the jury. We agree and remand the case for a new trial.
I.
Among the erroneous instructions by the court was one on specific intent. It read:
“Where a crime consists of an act combined with a specific intent, the intent is just as much an element of the crime as is the act. In such cases, mere general intent is insufficient, and the requisite specific intent must be shown as a matter of fact, either by direct or circumstantial evidence.”
This instruction was too general and failed to advise the jury as to what “the requisite specific intent” referred to in this case.
The court then gave the following two related instructions:

“Instruction No. 7.

“You are further instructed that before the Defendant can be convicted of the crime of assault with intent to commit murder, it must appear from the evidence, beyond a reasonable doubt, that had the assault resulted in the death of the person assaulted, the crime would have been murder. “The Court will, therefore, give such Instructions on the law of murder as are applicable to the present case.
“Instruction No. 9. Degrees of Murder.
“You are instructed that while the defendant is charged in this information with murder in the first degree, you may find a verdict of murder in the first degree, or murder in the second degree, or voluntary manslaughter, or involuntary manslaughter, or justifiable or excusable homicide — which last would be not guilty — as in your judgment the evidence may warrant.
“If you find from the evidence beyond a reasonable doubt that the killing was unlawful, felonious and with malice, also that it was with premeditation and deliberation, this is murder in the first degree and so your verdict should be; if you find from the evidence beyond a reasonable doubt that the killing was unlawful, felonious and with malice but without premeditation and deliberation, this is murder in the second degree and so your verdict should be; if you find from *131 the evidence beyond a reasonable doubt that the killing, though unlawful and felonious, was without malice, either express or implied, this would be voluntary manslaughter and so your verdict should be; if you find from the evidence beyond a reasonable doubt that the killing was unintentional, but done in the commission of an unlawful act, or a lawful act which probably might produce such a consequence in an unlawful manner, this is involuntary manslaughter, so your verdict should be; if you find from the evidence that the defendant killed the deceased through necessity in order to save his own life, or to prevent great bodily harm to himself, this is justifiable or excusable homicide and your verdict should be not guilty.”
Instruction No. 9 obviously was “lifted” verbatim from a murder case and, in its unaltered state with reference to a “killing” and separate verdicts thereon, was totally unintelligible. But even had it been tailored so as to define the crime of murder, it would still be erroneous to include the two degrees of manslaughter. In Dillulo v. People, 56 Colo. 339, 138 P. 33, we therein held that, in order to constitute the charge, the intended crime would have to be murder in either the first or second degree if death had ensued. Impliedly the court excluded manslaughter. Thus, we hold that had death occurred under circumstances which would constitute manslaughter the requisite specific intent to commit murder would be lacking. Voluntary and involuntary manslaughter should not have been included in the definition when the crime charged is “assault with intent to murder.”
II.
In order to avoid uncertainty in the event of retrial, we note defendant’s “plain error” arguments concerning instructions on lesser included offenses.
It is axiomatic that a defendant is entitled to instructions consistent with her theory of the case if there is evidence to support it. We, therefore, hold that in the event of retrial the defendant is entitled to an instruction and verdict on the lesser included offense of assault with a deadly weapon.
*132 Judgment is reversed, and the cause is remanded for a new trial.
MR. JUSTICE KELLEY, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.