## No. 25620

## The People of the State of Colorado v. Peter Rivera
(525 P.2d 431)

Decided August 6, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Kenneth J. Russell, Deputy, Don L. Nelson, Deputy, Edwin L. Felter, Jr., Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a conviction of assault with the intent to commit murder. On rehearing the former opinion of this court is withdrawn and this one substituted therefor.

The facts as shown at trial were that the defendant and

some friends were drinking at a tavern when the victim was shot. Some of the People's witnesses testified that the defendant fired the gun. There was considerable doubt generated during the questioning as to whether these witnesses actually saw the gun in the defendant's possession when the shot was fired. Additionally, cross-examination of the witnesses who testified that the defendant fired the gun showed they were uncertain whether he was actually aiming at the victim. The defendant denied having a gun and none was found at the scene. But based on the testimony that the gun was not aimed at the victim, the defendant tendered an instruction which set forth as a theory of the case that he did not intend to murder and that his acts at worst amounted to assault with a deadly weapon. It was argued in the trial and here that such an offense is a lesser included one encompassed in the charge of assault with the intent to commit murder. The refusal by the trial court to give the instruction is the basis of this appeal.

I.

Initially, we note that the briefs filed by both the defendant and the People point up that the problem of determining what is a lesser included offense under Colorado law has received varied treatment from this court. This variation is largely attributable to the different tests which have been employed.

First, there is the "statutory test." By the weight of authority, this court has held that in determining whether an offense is lesser included, the statutes which set forth the constituent elements of each crime must be compared. As we said in *Daniels v. People,* 159 Colo. 190, 411 P.2d 316 (1966):

"* * * the greater offense includes a lesser offense when the establishment of the essential elements of the greater necessarily establishes *all* of the elements required to prove the lesser. * * *" (Emphasis added.)

*Accord, People v. Cardwell,* 181 Colo. 421, 510 P.2d 317 (1973); *People v. Velasquez,* 178 Colo. 264, 497 P.2d 12 (1972); *Sandoval v. People,* 176 Colo. 414, 490 P.2d 1298

(1971); *Schott v. People,* 174 Colo. 15, 482 P.2d 101 (1971).

■ In contrast, there is the so-called "evidentiary test." Application of this view has resulted in holding that an offense is lesser included when the evidence of the two crimes, as shown at trial, establishes the elements of the lesser offense. *Van Pelt v. People,* 173 Colo. 201, 476 P.2d 999 (1970); *Miera v. People,* 164 Colo. 254, 434 P.2d 122 (1967); *cf. Howard v. People,* 173 Colo. 209, 477 P.2d 378 (1970). From these cases, the defendant's argument on appeal is that where the evidence established all the elements of assault with a deadly weapon and placed the defendant's intent at issue, assault with a deadly weapon is a lesser included offense within the charge of assault with the intent to commit murder; hence the defendant is entitled to so instruct the jury. The People argue that the statutory test precludes such instruction.

In essence, the arguments present two issues: First, what test should be announced to clarify the divergent views found in the Colorado cases? Second, does the adoption of the statutory test preclude the court from instructing the jury on the lesser offense?

## II.

■ As to the first issue, we believe that the better view is that the statutes, and not the evidence, must establish the essential elements of the lesser included offense. In other words, any conflict in the prior cases is resolved now by our holding that, in determining whether an offense is lesser included, the statutory test — which mandates that the greater offense must establish every essential element of the lesser included offense — will be applied. *Daniels v. People, supra.*

The basis for so holding is that the statutory test is easily and more uniformly applied and a defendant is entitled to fair notice of the charges against him. The only reasonable method of insuring such notice is the statutes which set forth the constituent elements. It would be haphazard and unfair to say to a defendant that he must defend on the principal charge and any other charge which the evidence established.

Guided by these interests, we follow the authority holding the statutory test shall be applied in determining what is a lesser included offense.

■ Applying that test to the statutes which set forth the elements of the crimes of assault with the intent to commit murder, C.R.S. 1963, 40-2-34, and assault with a deadly weapon, *id.*, we are compelled to hold that the second offense is not lesser-included. Simply put, assault with the intent to commit murder does not have a deadly weapon as an essential element and therefore it does not establish all the essential elements of the lesser crime to commit the greater crime. Consequently, the dicta contained in *People v. Nace,* 182 Colo. 127, 511 P.2d 501 (1973), was erroneous in this respect.

### III.

The conclusion that the statutory test shall be applied to find if an offense is lesser included places the second aspect of the problem at issue in this case: Does the statutory test in this case preclude the defendant from entitlement to an instruction on the lesser — even though not included — offense of assault with a deadly weapon when it is supported by the evidence? We answer this question in the negative.

■ It is well settled in Colorado that a defendant is entitled to have the court instruct the jury on the defense theory of the case as revealed by the evidence. *People v. Travis,* 183 Colo. 255, 516 P.2d 121 (1973); *People v. Moya,* 182 Colo. 290, 512 P.2d 1155 (1973); *People v. Montague,* 181 Colo. 143, 508 P.2d 388 (1973); *Payne v. People,* 110 Colo. 236, 132 P.2d 441 (1942). Though the statutory test will preclude the submission of such an instruction at the request of the district attorney or by the court because of the notice requirement, we see no reason to bar the submission of an instruction on a *lesser* offense — though not included — where it is supported by the evidence and the defendant wants it. We hold, therefore, that a theory of the case instruction which permits the jury to find a defendant innocent of the principal charge and guilty of a lesser charge should be given when warranted by the evidence. It is

tantamount to a defendant's consent to an added count being charged against him and somewhat similar to the civil procedure rule permitting amendment of the pleadings to conform to the evidence. Such a holding can insure better trials and fairer verdicts. Without such an instruction, the jury may be aware of the commission of a crime, not the principal charge, and yet convict the defendant of the greater crime.

■ Where, as in a case such as this, the evidence leaves little doubt that the defendant shot a gun but there is some doubt as to his intent, the requested instruction is particularly apropos. Where a defendant acquiesces in placing a lesser crime before the jury, the requested instruction allows the jury to consider fully the elements of the crime charged and of the offense the defendant contends was involved — a procedure we deem consistent with the right to trial by jury. Note, *Recent Developments in the Criminal Law: The Included Offense Doctrine in California,* 10 U.C.L.A. L.Rev. 870 (1963).

## IV.

■ Defendant in the case at bar was denied an instruction on his theory of defense. Creating a clear conflict in the evidence, the People's witnesses admitted on cross-examination that, though they had seen the defendant shoot the victim they were uncertain whether he was aiming at the victim. This evidence, going as it does to the defendant's intent in committing the assault, supports the defense theory that at most the prosecution's proof showed the commission of assault with deadly weapon and requires its submission to the jury.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE PRINGLE dissents.

MR. JUSTICE GROVES does not participate.

MR. CHIEF JUSTICE PRINGLE dissenting.

I respectfully dissent.

I would adhere to the original opinion in this case.