### No. 26909

### The People of the State of Colorado v. Pete Beaver

(549 P.2d 1315)

Decided May 17, 1976.                    Rehearing denied June 14, 1976.

Robert N. Miller, District Attorney, William G. Arries, Deputy, for plaintiff-appellee.

Robert C. Burroughs, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a conviction of deviate sexual intercourse by imposition in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-404(1)(a).[1] We affirm.

The defendant, Pete Beaver, was employed at a gasoline station in Keenesburg, Colorado, at the time the incident occurred. The victim was

---

[1]See section 18-3-404(1)(a), C.R.S. 1973. Part 4 of article 3 of title 18 has been repealed and reenacted in Colo. Sess. Laws 1975, ch. 171 at 627 *et seq.*

traveling from Nebraska to New Mexico and stopped at the station for gas. Upon returning to the highway, she noticed a strange noise emanating from the engine and saw her generator light flashing.

The victim went back to the station, and defendant told her that he would have to find a replacement bolt in a nearby junk yard in order to repair the engine. At defendant's repeated insistence she accompanied him in his truck to the junk yard situated in a remote area.

After locating the bolt, the defendant asked the prosecutrix how much she thought it was worth. She offered him money, but he told her that what he wanted was sex; and at this point he made a series of physical advances. Fearing that she was about to be raped, she performed oral sex (fellatio) on the defendant. He thereafter drove her back to the station and repaired her car, after which she departed for Denver and reported the incident.

## I.

■ Defendant argues that the statute under which he was convicted is unconstitutionally vague.

Section 40-3-404(1)(a) provides that a person commits "deviate sexual intercourse by imposition if: (a) He compels the other person to participate by any threat *less* than those set forth in section 40-3-403(1)(a), [a threat of imminent death, serious bodily harm, extreme pain, or kidnapping, to be inflicted by anyone] but of sufficient consequence *reasonably* calculated to prevent resistance. . . ."[2] (Emphasis added.)

Defendant contends that the statute fails to provide adequate notice of the conduct proscribed and fails to give jurors a standard against which to measure that conduct. We do not agree.

■ It is an axiom of our judicial system that legislative enactments are presumed to be constitutional. Parties attacking their validity carry a heavy burden of proof: invalidity must be established clearly and beyond a reasonable doubt. *People v. Summit*, 183 Colo. 421, 517 P.2d 850 (1974); *People v. Prante*, 177 Colo. 243, 493 P.2d 1083 (1972).

■ Defendant's argument ignores the obvious standard of *reasonableness* contained in the statute. A conviction depends on the factfinder's determination (from the standpoint of that of a reasonable person) that the threat used by the defendant was sufficient enough to be *reasonably* calculated to prevent resistance by the victim. As we stated in *People v. Prante, supra*:

". . . the fact that a penal statute is framed in a way such as to require a jury to determine a question of reasonableness does not make it too vague to afford a practical guide to acceptable behavior. . . ."

---

[2]"Deviate sexual intercourse" is defined in 1971 Perm. Supp., C.R.S. 1963, 40-3-405; see section 18-3-405, C.R.S. 1973. Part 4 of article 3 of title 18 has been repealed and reenacted in Colo. Sess. Laws 1975, ch. 171 at 627 *et seq.*

■ Further, we conclude that the statute provides a fair description of the conduct forbidden, and persons of ordinary intelligence can comprehend its meaning and application. *People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975); *People v. Sneed,* 183 Colo. 96, 514 P.2d 776 (1973); *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972). Total precision of expression is elusive and has never been demanded of the legislature. *Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976); *People v. Blue, supra.*

## II.

■ Defendant was charged with violating 1971 Perm. Supp., C.R.S. 1963, 40-3-403(1)(a) (deviate sexual intercourse by force or its equivalent).[3] The jury was instructed under that section as well as section 40-3-404(1)(a) (deviate sexual intercourse by imposition), as a lesser included offense. Defendant contends that the prosecution was not entitled to an instruction under section 40-3-404(1)(a) — that the latter is not a lesser included offense. The argument lacks merit.

In comparing the constituent elements of each statute, the establishment of the essential elements of the greater necessarily includes all of the elements required to prove the lesser. See *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974) and cases cited therein. The elements of both statutes are the same, except that the degree of harm threatened is less serious under section 40-3-404(1)(a).

We further note that 1971 Perm. Supp., C.R.S. 1963, 40-1-508(5)(c)[4] states as follows:

"A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

. . . .

"(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

Therefore, the trial court properly instructed the jury on the lesser included offense, of which defendant was convicted.

Defendant's other assignments of error do not merit discussion.

Judgment affirmed.,

---

[3]See section 18-3-403(1)(a), C.R.S. 1973. Part 4 of article 3 of title 18 has been repealed and reenacted in Colo. Sess. Laws 1975, ch. 171 at 627 *et seq.*
[4]Now section 18-1-408(5)(c), C.R.S. 1973.