## No. 26999

## The People of the State of Colorado v. Lee Phillip Barger

(550 P.2d 1281)

Decided June 14, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Joseph M. Goldhammer, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Norman R. Mueller, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant appeals his conviction of gross sexual imposition in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-402(1)(a).[1] We affirm.

The record reflects that the victim, a seventeen-year-old high school student, was hitchhiking when defendant offered her a ride. The girl consented to running some errands with him and also agreed to accompany him to his apartment. The victim testified that defendant carried her into his bedroom, bound her hands and feet, and forced her to have sexual intercourse with him.

The defendant testified that they both smoked marijuana, which the victim had offered him once they had reached his apartment. He claimed that she voluntarily agreed to have sex with him.

I.

Defendant was charged with rape in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-401(1)(a),[2] and the jury was instructed accordingly. Over defendant's objection, the court ruled that gross sexual imposition, of which he was convicted, is a lesser included offense of rape and instructed the jury accordingly. Defendant asserts this was error.

We rejected a similar claim in *People v. Beaver*, 190 Colo. 554, 549 P.2d 1315, in which we held that deviate sexual intercourse by imposition[3] is a lesser included offense of deviate sexual intercourse by force or its equivalent.[4]

---

[1]See section 18-3-402(1)(a), C.R.S. 1973. Part 4 of article 3 of title 18 has been repealed and re-enacted in Colo. Sess. Laws 1975, ch. 171, 18-3-401 *et seq.* at 627.

[2]See section 18-3-401(1)(a), C.R.S. 1973. Part 4 of article 3 of title 18 has been repealed and re-enacted in Colo. Sess. Laws 1975, ch. 171, 18-3-401 *et seq.* at 627.

[3]1971 Perm. Supp., C.R.S. 1963, 40-3-404(1)(a); see section 18-3-404(1)(a), C.R.S. 1973. Part 4 of article 3 of title 18 has been repealed and re-enacted in Colo. Sess. Laws 1975, ch. 171, 18-3-401 *et seq.* at 627.

[4]1971 Perm. Supp., C.R.S. 1963, 40-3-403(1)(a); see section 18-3-403(1)(a), C.R.S. 1973. Part 4 of article 3 of title 18 has been repealed and re-enacted in Colo. Sess. Laws 1975, ch. 171, 18-3-401 *et seq.* at 627.

■ An examination of all of the above-cited statutes reveals that the distinction between rape and gross sexual imposition is identical to the distinction between deviate sexual intercourse by force and deviate sexual intercourse by imposition. Our holding in *Beaver*, therefore, is applicable here. Accordingly, gross sexual imposition is a lesser included offense of rape. The statute on gross sexual imposition contains the same elements required to prove rape — there being a difference only in the degree of harm threatened. See *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974), and cases cited therein.

## II.

■ Defendant further contends that even if gross sexual imposition is a lesser included offense, it was error to so instruct the jury over defendant's objection. We rejected the same argument in *People v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974), in which we stated:

". . . where, . . . the lesser included offense upon which the prosecution requested an instruction is (1) easily ascertainable from the charging instrument, and (2) not so remote in degree from the offense charged that the prosecution's request appears to be an attempt to salvage a conviction from a case which has proven to be weak, the prosecution may obtain a lesser included offense instruction over the defendant's objection."

The case before us falls squarely within the principles announced in *Cooke*. First, the information charging defendant with unlawfully compelling the victim to submit by force or serious threat also put him on notice of the accusation that he used less coercive means to accomplish the same act. Secondly, the crime of imposition is not remote in degree from rape — the former being a class 4 and the latter being a class 3 felony. Under these circumstances, the trial court's instructions were entirely proper.

## III.

■ Defendant challenges the constitutionality of section 40-3-402(1)(a) on grounds of vagueness and overbreadth. The statute provides that a male commits gross sexual imposition with a female person not his spouse if "[h]e compels her to submit by any threat *less* than those set forth in section 40-3-401(1)(a) [a threat of imminent death, serious bodily harm, extreme pain, or kidnapping, to be inflicted on anyone] but of sufficient consequence *reasonably* calculated to overcome resistance . . ." (Emphasis added.) In *Beaver, supra*, we held that a virtually identical phrase was not unconstitutionally vague. Again, the rationale of that case is applicable here.

■ Defendant argues that the statute is overbroad because it could conceivably proscribe noncriminal conduct. We agree with the attorney general's claim that defendant lacks standing to assert this challenge. The record reflects that defendant used threats and coercion of the type that the statute was designed to proscribe; thus he is not affected by the alleged overbreadth of the statute.

## IV.

In *People v. Gould*, 188 Colo. 113, 532 P.2d 953 (1975), we held that the gross sexual imposition statute does not deny equal protection under the Fourteenth Amendment to males. Defendant asks us to reconsider that determination, but we decline to do so.

We likewise reject the contention that the statute in question violates the Equal Rights Amendment. *Colo. Const.*, Art. II, Sec. 29. While we agree with defendant that legislative classifications predicated on sexual status must receive the closest judicial scrutiny, we conclude that section 40-3-402(1)(a) passes constitutional muster under that test. *People v. Green*, 183 Colo. 25, 514 P.2d 769 (1973) and cases cited therein.

Judgment affirmed.