## No. 26358

## The People of the State of Colorado v. James Edward Hansen
(551 P.2d 710)

Decided June 21, 1976.                    Rehearing denied July 19, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy; for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

James Edward Hansen was convicted of rape, 1971 Perm. Supp., C.R.S. 1963, 40-3-401(1)(a).[1] He seeks reversal and a new trial on the grounds that the jury was not properly instructed on a lesser-included offense and on evidentiary issues relating to the identification of the defendant. We affirm.

On December 27, 1972, the prosecutrix was forced to have sexual intercourse at a laundromat on South Logan Street in Denver. The testimony at trial established that the prosecutrix was alone in the laundromat when a man entered, grabbed her from behind, placed a sharp object at her throat, and stated, "Do as I say and I won't hurt you." When the prosecutrix was forced into a bathroom, she noticed that her assailant had a pocket knife which he closed and put in his pocket. After locking the bathroom door, the assailant forced the prosecutrix to submit to intercourse and then left the laundromat.

Shortly thereafter, the victim ran out into the street where she saw her alleged attacker sitting in a parked vehicle. Crying, she ran up to some

---

[1] Now section 18-3-401(1)(a), C.R.S. 1973. Part 4 of article 3 of title 18 has been repealed and reenacted in Colo. Sess. Laws 1975, ch. 171 at 627, *et seq.*

people on the street and asked for help. She pointed to the vehicle. As the vehicle drove away, both the prosecutrix and another person were able to view a portion of the vehicle's license plate as well as the make and approximate year of the vehicle. A car of a similar description was seen driving by a police station one day, and the ownership of the vehicle was traced to the defendant. The prosecutrix identified the defendant in court as the individual who had attacked her and as the man who was sitting in the car outside the laundromat. The defendant elected not to testify.

### Identification of the Defendant

The prosecutrix testified that she was attacked by a clean-shaven man. The defendant, in his case in chief, produced witnesses who testified that the defendant was wearing a beard sometime around the date of the criminal episode. Thereafter, the prosecutor produced rebuttal testimony to show that the defendant did not have a beard prior to the date of the offense. The defendant now claims that the trial court erred in refusing to permit him to introduce surrebuttal evidence to establish that he had a beard several months prior to the date of the offense.

We stated in *People v. Martinez*, 181 Colo. 27, 506 P.2d 744 (1973), the general rule that:

"[D]efendants should always be permitted to introduce as surrebuttal, evidence which tends to meet *new* matter introduced by the prosecution on rebuttal. Otherwise, it is within the discretion of the trial court to allow or deny surrebuttal."

The evidence which the defendant sought to introduce on surrebuttal was not in response to *new* evidence, and the trial court did not abuse its discretion in denying the defendant's request.

### Newly Discovered Evidence

Subsequent to the trial, defense counsel filed a motion for new trial on the grounds of newly discovered evidence, alleging that two acquaintances of the defendant had been discovered who would testify that the defendant was wearing a beard on December 29, 1972, and January 2, 1973. The trial court refused to grant the defendant's motion.

Motions for new trial based upon newly discovered evidence are not favored and are only granted to prevent manifest injustice. *People v. Scheidt*, 187 Colo. 20, 528 P.2d 232 (1974); *Edwards v. People*, 151 Colo. 262, 377 P.2d 399 (1962). A denial of such a motion will not be overturned unless the trial court has clearly abused its discretion. *People v. Scheidt, supra; Edwards v. People, supra.* A cardinal prerequisite to the granting of the motion is a showing by the defense that a diligent search and inquiry has been made "to discover all possible evidence favorable to the defendant prior to and during the trial. . . ." *People v. Scheidt, supra; Pieramico v. People*, 173 Colo. 276, 478 P.2d 304 (1970); *Isbell v. People*, 158 Colo. 126, 405 P.2d 744 (1965). Since the defense did not make a showing of a diligent search to discover the

additional testimony, the ruling of the trial judge will not be disturbed.

Lesser-Included Offense Instruction

At the conclusion of the defendant's case, defense counsel tendered an instruction to the court which would have permitted the jury to find the defendant guilty of a violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-402,[2] the gross sexual imposition statute. That statute reads, in pertinent part:

"*Gross Sexual Imposition.* (1) Any male who has sexual intercourse with a female person not his spouse, commits gross sexual imposition if:

"(a) He compels her to submit by *any threat less than those set forth in section 40-3-401(1)(a)*, but of sufficient consequence reasonably calculated to overcome resistance. . . ." [Emphasis added.]

The jury was instructed upon, and the defendant was convicted of, a violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-401(1)(a), which reads, in part, as follows:

"*Rape.* (1) Any male who has sexual intercourse with a female person not his spouse commits rape, if:

"(a) He compels her to submit by force or by threat of imminent death, serious bodily harm, extreme pain, or kidnapping, to be inflicted on anyone. . . ."

■ The defendant's contention that gross sexual imposition is a lesser-included offense of rape is correct. A comparison of the two relevant statutes indicates that the greater offense cannot be committed without having committed the lesser offense, thus satisfying the test set forth in *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974), for identifying lesser-included offenses. Any doubt in this regard is overcome by our recent decision in *People v. Beaver*, 190 Colo. 554, 549 P.2d 1315.

In *People v. Beaver, supra*, the defendant was charged with deviate sexual intercourse by force or its equivalent, 1971 Perm. Supp., C.R.S. 1963, 40-3-403(1)(a).[3] The jury was instructed on that offense, as well as deviate sexual intercourse by imposition, 1971 Perm. Supp., C.R.S. 1963, 40-3-404(1)(a).[4] We held that deviate sexual intercourse by imposition was a lesser-included offense of deviate sexual intercourse by force or its equivalent. Comparing the two statutes, we concluded that the elements of both were the same, "except that the degree of harm threatened is less serious under section 40-3-404(1)(a)." *People v. Beaver, supra*.

Additionally, 1971 Perm. Supp., C.R.S. 1963, 40-1-508(5)(c),[5] provides as follows:

---

[2]Now section 18-3-402(1)(a), C.R.S. 1973.
[3]Now section 18-3-403(1)(a), C.R.S. 1973.
[4]Now section 18-3-404(1)(a), C.R.S. 1973.
[5]Now section 18-1-408(5)(c), C.R.S. 1973.

"A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

. . . .

"(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

The two statutes here in issue are identical except that the degree of harm threatened in the gross sexual imposition statute is less serious than that involved in the rape statute. Therefore, gross sexual imposition is a lesser-included offense of rape. *Accord, People v. Barger*, 191 Colo. 152, 550 P.2d 1281.

The defendant, however, was not entitled to an instruction on the lesser-included offense inasmuch as no evidence appears in the record which would support the giving of such an instruction. Before the court is required to charge the jury with respect to a lesser-included offense, a rational basis must exist "for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." 1971 Perm. Supp., C.R.S. 1963, 40-1-508(6);[6] *People v. Thompson*, 187 Colo. 252, 529 P.2d 1314 (1975). As heretofore noted, the defendant did not testify in his own behalf. The only evidence as to the manner in which the alleged rape occurred was presented by the prosecutrix. This evidence, which the jury determined to believe, amply supported the verdict of rape.

Accordingly, the trial court properly refused to give the tendered instruction.

The remaining contentions of the defendant are without merit, and the conviction of the defendant is affirmed.

[6]Now section 18-1-408(6), C.R.S. 1973.