**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Henry Michael TRUJILLO, Respondent.**

No. 02SC630.

Supreme Court of Colorado, En Banc.

Jan. 26, 2004.

Ken Salazar, Attorney General, Matthew S. Holman, First Assistant Attorney General, Denver, Colorado, Attorney for Petitioner.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, Colorado, Attorneys for Respondent.

Justice HOBBS delivered the Opinion of the Court.

We granted certiorari to review the court of appeals decision in *People v. Trujillo*, 62 P.3d 1034 (Colo.App.2002).[1] Defendant, Henry Michael Trujillo, requested the trial court to deliver two lesser non-included defense instructions—resisting arrest and reckless endangerment—to the jury on retrial of mistried charges of first-degree assault on police officers. The trial court refused to issue the requested instructions because: (1) a previous jury had found Trujillo guilty of these two offenses; and (2) constitutional

---

1. We accepted two issues: (1) "Whether a defendant is entitled to have a jury instructed on an offense for which he has previously been convicted where double jeopardy precludes another conviction for this offense"; and (2) "Whether a trial court may try a defendant for an offense for which it cannot enter a conviction and there is no case or controversy."

double jeopardy protections prohibited the prosecution and the court from retrying him for these offenses. However, the trial court granted Trujillo's tendered alternative instructions on two other non-included lesser offenses of obstructing a police officer and prohibited use of a weapon. The trial court also instructed the jury on three affirmative defenses regarding the use of deadly force and physical force.

The court of appeals ruled that Trujillo's requested instructions encompassed his theory of the case and the evidence supported giving them. The court of appeals concluded that the trial court violated Trujillo's rights to due process by refusing to instruct the jury on the lesser non-included offenses of resisting arrest and reckless endangerment.

We conclude that the trial court's refusal to give the re-tendered non-included offense instructions on retrial of the first-degree assault charges did not violate Trujillo's due process rights. Although the trial court denied tendering the requested jury instructions on double jeopardy grounds, we do not address the double jeopardy issue because we find an alternative ground to support the denial of the re-tendered non-included offense instructions. The gist of Trujillo's position in the court of appeals, and here, is that the trial court violated due process of law by refusing to instruct the jury on the lesser non-included offenses submitted to the prior jury. We hold that the trial court adequately presented Trujillo's theory of defense to the jury on retrial of the mistried assault charges, and no violation of Trujillo's due process rights occurred. Accordingly, we reverse the judgment of the court of appeals.

## I.

On August 7, 1998, several police officers went to Trujillo's home to execute a warrant for his arrest on charges unrelated to this case. The officers knocked on the door and identified themselves, but no one answered.

After knocking a few more times, one officer noticed a light on in the basement. The officer walked over to the basement window and saw Trujillo lying in bed. The officers knocked on the door again, identified themselves, and asked Trujillo to come to the door. Trujillo did not respond.

At this point, an officer yelled through the basement window that he was a police officer and explained that he had a warrant for Trujillo's arrest. While still in the basement, Trujillo asked what the warrant was for. The police captain answered that the warrant was for a homicide, and Trujillo replied, "bullshit." After more exchanges between the captain and Trujillo, the captain kicked the door open.

When the captain attempted to enter the house, Trujillo used an automatic weapon and fired four or five shots from the basement toward the door. No one was injured. The officers immediately retreated from the house. The SWAT team arrived and Trujillo eventually surrendered.

The police arrested Trujillo and the State charged him with four counts of first-degree assault on a police officer under section 18–3–202(1)(e), 6 C.R.S. (2001) and four crimes of violence counts under section 16–11–309(2) and (8), 6 C.R.S. (2001). After three jury trials, the jury found Trujillo guilty of the first-degree assault charges. The first trial ended after the jury was sworn when Trujillo's counsel moved to withdraw and the trial court granted the motion.

In the second trial, Trujillo requested and received jury instructions on the lesser non-included offenses of resisting arrest, § 18–8–103(1), 6 C.R.S. (2002), and reckless endangerment, § 18–3–208, 6 C.R.S. (2002). The jury found Trujillo guilty of these offenses, but did not reach a verdict on the first-degree assault charges. The trial court entered convictions on the two non-included misdemeanor offenses and postponed sentencing.[2] After the trial court declared a mistrial on the first-degree assault charges to which Trujillo consented, the prosecution pursued retrial on the first-degree assault

---

2. The trial court stated: "The Court will at this time enter the judgments of guilty on reckless endangerment and resisting arrest on the records

of this Court. I'm going to withhold sentencing on these matters pending the resolution of the other four counts."

charges. In the third trial, the trial court refused to instruct the jury on the two lesser non-included offenses Trujillo had been convicted of at the second trial, because it believed that doing so would violate double jeopardy protections.[3]

Although the trial court refused to instruct the third jury on reckless endangerment and resisting arrest, it granted Trujillo's tendered alternative instructions on the non-included offenses of obstructing a peace officer and prohibited use of a weapon. The jury found Trujillo guilty of four counts of first-degree assault against a peace officer and the two lesser non-included offenses, obstructing a peace officer, § 18–8–104, 6 C.R.S. (2001), and prohibited use of a weapon, § 18–12–106, 6 C.R.S. (2001). At sentencing, the trial court—at the prosecution's request—dismissed all four of the lesser non-included offenses (the two the jury found him guilty of in the second trial and the two the jury found him guilty of in the third trial). The trial court then sentenced Trujillo for the four first-degree assault offenses.

On appeal, the court of appeals determined that the trial court violated Trujillo's due process rights in refusing to resubmit the reckless endangerment and resisting arrest charges to the third jury. We disagree with the court of appeals and reverse its judgment.

## II.

Trujillo argues that the trial court improperly disallowed his theory of defense by refusing to submit to the jury in the third trial the reckless endangerment and resisting arrest instructions that the trial court gave in the second trial. However, the record demonstrates that Trujillo, in the third trial on the first-degree assault charges, received adequate instructions concerning his defense theory. We hold that the two alternative lesser non-included offense instructions that the court gave on prohibited use of a weapon and obstructing a peace officer sufficiently allowed the jury to find him guilty of these misdemeanor offenses, instead of the first-

degree assault charges, and did not deprive him of his theory of defense.

### A. Theory of Defense

 Defendants have a right to have the jury instructed on non-included lesser offenses in conjunction with a theory of defense, if there is a rational basis in the evidence to support a "verdict acquitting [them] of a greater offense … and convicting [them] of the lesser offense." *People v. Bartowsheski*, 661 P.2d 235, 242 (Colo.1983); *People v. Rivera*, 186 Colo. 24, 28, 525 P.2d 431, 434 (1974). The rationale for allowing such an instruction is to prevent the jury from convicting a defendant of a greater crime than he or she actually committed because the jury had no other option. *People v. Garcia*, 940 P.2d 357, 361 (Colo.1997).

 In determining whether the trial court has adequately informed the jury of the defendant's theory of defense, all the instructions given must be considered together. *People v. Tippett*, 733 P.2d 1183, 1195 (Colo. 1987). "[E]rror in denying a defense theory of the case instruction is not prejudicial if, when the instructions are considered in their entirety, the defendant's theory could be argued under the other instructions given by the court." Robert Dieter, *Colorado Criminal Practice and Procedure* § 18.119 (1996). No error occurs when the trial court refuses to give a defense theory instruction when the contents of other instructions suffice. *Tippett*, 733 P.2d at 1195.

### B. The Defense Instructions in this Case

The court of appeals erred in not examining the jury instructions in their entirety. In arguing that the trial court should have instructed the jury on the two offenses of resisting arrest and reckless endangerment, the court of appeals reasoned that, "an instruction embodying a defendant's theory of the case must be given by the trial court if the record contains any evidence to support the theory," and "it is undisputed that sufficient evidence supported [giving] them."

---

**3.** Because none of the parties briefed whether the statute of limitations provision in section 16–5–401, 6 C.R.S. (2003) prohibited the trial court from instructing the jury on the non-included lesser misdemeanor offenses, we do not address this issue.

*Trujillo*, 62 P.3d at 1036. When we consider all the jury instructions given, the jury was fully informed of Trujillo's theory of defense that he lacked the specific intent to commit first-degree assault and should be convicted of lesser non-included misdemeanor offenses.

At both trials, Trujillo admitted that he shot the gun, but argued that he did so because he thought someone was illegally breaking into his home. Throughout the trial, and his closing argument, defense counsel argued that Trujillo lacked the specific intent necessary to convict Trujillo of first-degree assault.[4] During Trujillo's closing arguments, defense counsel argued that Trujillo did not intend to shoot the police officers. Specifically, defense counsel explained in the second trial that Trujillo believed someone was breaking into his home and he acted "in defense of him, of his mom, his brother, their home." Defense counsel told the jury Trujillo's version of events:

> What does the evidence suggest? Police officers come to the back door. They start removing the screen from its closer, and somehow the door starts getting pried open. That would be cause for concern if you were down in this area of the basement.
>
> No one else has a firearm in the house, but Mr. Trujillo does, and he gets his rifle. There are muffled voices.
>
> The other strange thing is his dog, isn't reacting. Something's not right. Smash, and then another smash, the glass falls and he shoots. *Do you think he really had the time or the ability to form an intention? Were there really bullets with these individual four officers' names on them that he had the specific intent to cause serious bodily injury? How would that work? He can't see.*

(emphasis added).

In the third trial defense counsel made similar arguments:

But there's at least one more major issue and that is the issue of intent. Because in order to prove up their case, you know, they have to prove beyond a reasonable doubt that Henry Trujillo in-in firing these rounds . . . that he had formed in his mind the specific intent to do a specific thing to four specific officers. How could that be under these circumstances? How could that ever be?

. . .

You know, if you suffer a home invasion, you know, if you don't think something's going to happen right away, you might be tempted to fire a warning shot and instead having to resort to actually shooting a person. How is that bad?

The main thrust of the closing arguments was to rebut the argument that Trujillo had the specific intent to shoot the police officers. Defense counsel did not refer to or rely on any lesser offenses in his closing argument at either trial.

When we consider the jury instructions in their entirety, the trial court's jury instructions adequately encompassed Trujillo's theory of defense. In support of his theory of defense, Trujillo requested that the trial court instruct the jury on resisting arrest and reckless endangerment, the two misdemeanors upon which he was convicted in his second trial. A defendant may be convicted of resisting arrest if the jury finds that the defendant, "knowingly prevent[ed] or attempt[ed] to prevent a peace officer, acting under color of his official authority, from effecting an arrest of the actor or another, by: (a) [u]sing or threatening to use physical force or violence against the peace officer or another." § 18–8–103(a). To convict a defendant of reckless endangerment, the jury must find that the defendant recklessly engaged in conduct which created a substantial risk of serious bodily injury to another person. § 18–3–208. Giving these instructions would permit the jury to find that Trujillo lacked the specific intent to injure the police

---

**4.** In order to convict a defendant under section 18–3–202(1)(e), 6 C.R.S. (2001), assault in the first-degree, the jury must find the defendant had the "intent to cause serious bodily injury upon the person of a peace officer or firefighter, he or she threatens with a deadly weapon a peace officer or firefighter engaged in the performance of his or her duties, and the offender knows or reasonably should know that the victim is a peace officer or firefighter acting in the performance of his or her duties." § 18–3–202(1)(e), 6 C.R.S. (2001).

officers but still committed a lesser crime that is supported by the facts.

The trial court refused these two instructions but granted Trujillo's alternative jury instructions on obstructing a peace officer and prohibited use of a weapon. The jury instruction for obstructing a peace officer requires the jury to find that the defendant knowingly prevented or attempted to prevent a peace officer, acting under the color of his official authority, from effecting an arrest of the defendant by using or threatening to use physical force against the peace officer. § 18–8–104(1). The crimes of resisting arrest and obstructing a police officer are similar. Like a resisting arrest instruction, the instruction for obstructing a peace officer permitted the jury to convict Trujillo of a lesser crime, based on finding similar facts.

Likewise, the jury instruction for prohibited use of a weapon requires the jury to find that the defendant, recklessly or with criminal negligence, discharged a firearm. § 18–12–106. This misdemeanor offense instruction, which the court actually gave, permitted the jury to find that Trujillo did not have the specific intent to cause serious bodily injury as first-degree assault requires, but recklessly fired his gun. The reckless endangerment instruction that the trial court refused and this instruction are similar in that both provide the jury with an option to convict Trujillo of a lesser non-included misdemeanor offense if the jury finds that Trujillo acted recklessly rather than with the requisite intent under the facts of this case.

In terms of how these lesser non-included offenses conveyed Trujillo's theory of defense, we detect no meaningful difference between the lesser non-included offenses given and those rejected. Further, we find no argument in the record that suggests any difference. Thus, we conclude that the instructions on obstructing a peace officer and the prohibited use of a weapon instruction provided Trujillo with lesser offense instructions reflecting his theory of defense to the same extent as did the instructions on resisting arrest and reckless endangerment the trial court gave at the previous trial.

In addition, the Colorado Criminal Code contains affirmative defenses to first-degree assault. § 18–1–704.5 (use of deadly force against an intruder); § 18–1–705 (use of physical force in defense of premises); § 18–1–706 (use of physical force in defense of property). The trial court found that sufficient evidence existed to instruct the jury on these three affirmative defenses. Each affirmative defense instruction permitted the jury to acquit Trujillo of the first-degree specific intent crime, if the jury found that he had a justification for using physical force upon another person, i.e. a police officer.[5]

The trial court also instructed the jury, over the prosecution's objection, that Trujillo testified at a prior hearing that he did not know who was breaking into his home and he had no intention of shooting the police offi-

---

**5.** Jury Instruction No. 20 stated:

> It is an affirmative defense to the crime of First Degree Assault that the defendant used physical force, including deadly physical force, against another person, that
> 1. while the defendant was an occupant of a dwelling
> 2. the other person made an unlawful entry into that dwelling
> 3. the defendant had a reasonable belief that the other person was committing or intended to commit a crime in the dwelling in addition to the uninvited entry
> 4. and the defendant reasonably believed the other person might have used any physical force, no matter how slight, against any occupant of the dwelling.

Jury Instruction No. 21 stated:

> It is an affirmative defense to the crime of First Degree Assault that the defendant

> 1. was in possession or control of any building, real estate, or other premises, or was licensed or privileged to be thereon, and
> 2. used reasonable and appropriate physical force upon another person,
> 3. to prevent or terminate what he reasonably believed to be the commission or attempted commission of an unlawful trespass by the other person in or upon the building, real estate, or premises.

Jury Instruction No. 22 stated:

> It is an affirmative defense to the crime of First Degree Assault that the defendant:
> 1. used reasonable and appropriate physical force upon another person
> 2. when and to the extent that he reasonably believed it necessary to prevent
> 3. what he reasonably believed to be an attempt by the other person to commit criminal mischief.

cers.[6]

 Taken together, the jury instructions actually given in the third trial encompassed Trujillo's theory of defense; that he was justified in shooting the gun in his home and he lacked the specific intent required for a conviction of first-degree assault. The affirmative defense instructions permitted the jury to find that Trujillo had a justification for creating a substantial risk of serious bodily injury and gave the jury an opportunity to acquit Trujillo. The lesser non-included misdemeanor offense instructions the trial court actually gave provided the jury with an option to convict Trujillo only of these lesser offenses if it found that he acted recklessly rather than with the requisite intent. Thus, the instructions on the lesser offenses addressed the concern, that if a trial court does not instruct a jury on a lesser offense, then the jury will think it had no option but to convict on the greater offense.

The jury found Trujillo guilty of the two misdemeanor offenses, as well as the first-degree assault charges. If the jurors had accepted Trujillo's argument that he was reacting to protect himself from an intruder into his home, or that he should be guilty of only the non-included offense charges, the jurors would not have convicted him on the first-degree assault charges.

 We presume that a jury follows the trial court's instructions and would acquit of the greater offense if the prosecution did not prove all of the elements of the assault charge beyond a reasonable doubt. *See People v. Harlan,* 8 P.3d 448, 473 (Colo.2000). Based on the evidence, the jury found specific intent in finding Trujillo guilty of the first-degree assault charges, despite his presentation to the contrary.

The trial court afforded Trujillo due process of law by instructing the jury on his alternative tendered instructions, three affirmative defenses, and Trujillo's statement prior to trial that he did not know who was breaking the door open and did not intend to shoot at the police officers. Accordingly, the jury instructions on retrial of the first-degree assault charges did not violate Trujillo's due process rights. We need not address the double jeopardy arguments in light of our resolution of this appeal.

### III.

Accordingly, we reverse the judgment of the court of appeals and return this case for further proceedings consistent with this opinion.

---

**6.** Jury Instruction No. 7 stated:

You are instructed that Mr. Trujillo has testified under oath at a prior hearing that he made the following statement to Officer Luizza during the crisis negotiations:

"Why did the police officers kick my door in without announcing themselves as police officers? I told them I didn't have no intention of shooting at any time. I didn't know who was breaking my door in."

As with any other witness' testimony, you may believe all of the statement, part of it, or none of it.