(No. 4378)

BARRY v. THE PEOPLE.

1. EVIDENCE—CONTRADICTION OF WITNESSES.

The testimony of a witness material to the issue on trial may be contradicted as to any fact or circumstance which tends to corroborate and strengthen his testimony, and for this purpose a party has the right to call witnesses to contradict material evidence given by a witness for his adversary, and the credit of such witness may also be attacked by proof of independent facts and circumstances which are inconsistent with his testimony.

2. SAME—LARCENY.

In a prosecution of defendant for the larceny of a building where he defendant claimed to have purchased the building from the agent of the owner, and as an incident to her defense it was said that the agent was present when defendant began to tear the building down, and the agent having died the substance of his testimony given at the preliminary hearing, to the effect that at the time the building was removed and at the time defendant claimed to have made the purchase he was confined to his bed, with sickness, and knew nothing about its removal until he recovered, was introduced in rebuttal on behalf of the

people, it was error to refuse to permit defendant to prove by a witness that the agent was present when the building was being torn down and removed, on the ground that the evidence should have been introduced in the main defense.

3. EVIDENCE—CONTRADICTION OF WITNESS.

The rule that a witness cannot be impeached by showing that he has made statements at other times inconsistant with his testimony without the foundation be first laid by interrogating the witness does not apply where the attempt to contradict a witness merely consists of showing acts and circumstances inconsistant with his testimony.

4. APPELLATE PRACTICE—CRIMINAL CASE—RECORD.

In a criminal case where a transcript is filed certified by the clerk of the district court as being a complete copy of certain orders entered in the case and it appears from what is designated in the transcript as an "order" that defendant has been convicted of the crime charged and sentenced to the penitentiary, the transcript is sufficent to show that a final judgment has been pronounced against defendant such as the supreme court has authority to review.

*Error to the District Court of Teller County.*

Mr. JOHN R. SMITH and Mr. GEORGE A. H. FRASER for plaintiff in error.

Mr. C. C. POST, attorney general, Mr. JAMES D. MERWIN and Mr. GEORGE M. POST, assistants attorney general, and Mr. HENRY TROWBRIDGE for the people.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Plaintiff in error, defendant below, was convicted of the larceny of a building situate in Victor. She admits having torn down the structure, and appropriated the materials to her own use, but claims that she purchased it in good faith for value from the building inspector of the city, who exhibited to her

apparent authority to sell it. It appears that the building had been condemned, and the city authorities had ordered its removal. She testified in her own behalf that she had purchased the building from the inspector as agent for the owner, paid him one hundred dollars therefor, and that he gave her a receipt for this sum. She also stated that she commenced tearing down the building immediately after the purchase; that she introduced the inspector to her carpenter, and that he told the latter to remove it as soon as possible. Her husband testified that he was present and had seen the defendant pay the money to the inspector. Previous to the trial the inspector died. At the preliminary examination of the defendant the inspector was a witness for the people. After the testimony on behalf of the defendant above noticed had been received, witnesses were called on behalf of the people, who purported to state the substance of the testimony given by the inspector on the preliminary hearing, which was to the effect that he was sick in bed at the time the building was torn down, and knew nothing about its removal until he recovered sufficiently to be out, when he learned for the first time that it had been removed, and that he gave no one permission to remove it. The defendant then offered to prove by a witness that the inspector was present when the building was being torn down and removed, which was refused.

The testimony of a witness material to the issue on trial may be contradicted as to any fact or circumstance which tends to corroborate and strengthen his testimony. For this purpose a party has the undoubted right to call witnesses to contradict material evidence given by a witness for his adversary

The credit of such witness may also be attacked by proof of independent facts and circumstances which are inconsistent with his testimony. 29 Enc. Law, 783; *People v. DeFrance*, 62 N. W. Rep. 709; *Batdorff v. Farmers' Nat'l Bank*, 61 Pa. St. 179; *Commonwealth v. Goodnow*, 154 Mass. 487; *People v. Freeman*, 92 Cal. 359.

These propositions are not seriously controverted by counsel for the people, but they contend that the testimony of the deceased witness given at the preliminary hearing, reproduced at the trial, was solely for the purpose of meeting the defense of the alleged purchase from the inspector, and in no sense new matter, or of an affirmative nature. We do not deem it necessary to discuss the question from that point of view. The record discloses that the testimony which the defendant sought to introduce was offered for the purpose of contradicting that of the deceased witness but that it was refused upon the ground that it should have been introduced in support of her defense in chief. If, at the time it was offered, it was admissible for the purpose of contradicting testimony introduced by the people, in the sense that in effect it would impeach such testimony, its exclusion was error.

The defendant undertook to prove a purchase by testimony to the effect that she had actually bought the building from the inspector, and had paid him the purchase price, as the agent of the owner. As an incident to these statements in her behalf, it was said that the inspector was present at the time she commenced to tear down the building, because, according to her claim, the purchase was made at the building, and the work of removal began at once after its consummation. To meet this the testimony

of the deceased witness was introduced. It did not in direct terms, deny the sale, but it was intended to establish a state of facts from which it might fairly be inferred that he had not sold the building. While this testimony contradicted what had been stated by the defendant and her witness regarding the presence of the deceased witness at the building, that was not its prime object. On the contrary, its purpose was to disprove the purchase relied upon by defendant by showing that the inspector was confined to his bed at a time which would have precluded his presence at the building when and where the defendant claimed to have made the purchase from him. The defendant was not required to anticipate what testimony would be introduced by the state to disprove her claim of purchase, and when, on behalf of the prosecution, evidence had been introduced which contradicted her testimony on this subject, not in direct terms, but by an attempt to establish a state of facts which would tend to prove that she could not have purchased the building at the time and place, and of the party claimed, she had the undoubted right to introduce evidence to disprove the fact upon which the people relied to overcome her testimony on the subject of purchase, by a direct contradiction which would tend to impeach it. In other words—the people having introduced testimony to the effect that the inspector could not have been present at the building at the time the defendant claimed to have purchased it from him, and knew nothing about the matter until after it had been removed, the defendant had the right to impeach this statement under the authorities above cited, by testimony contradicting the circumstances upon which the deceased witness based his assertion that he had

not sold her the building.  This being the character of the testimony refused, it should have been received in rebuttal.

These views do not conflict with *Ryan v. The People*, 21 Colo. 119.  It was held in that case that a witness cannot be impeached by showing that he has made statements at other times inconsistent with his testimony, without the foundation be first laid.  This rule does not apply where the attempt to contradict a witness merely consists of showing acts and circumstances inconsistent with his testimony.

Other questions based upon errors assigned have been argued by counsel for defendant, which, even if serious, in the light of the discussion in the briefs will not necessarily recur at another trial, or, if they do, a record will be made more fairly presenting them, and, therefore, they will not be considered at this time.

It is claimed by counsel for the people that this court is without authority to review the judgment of the trial court, because no authenticated copy of such judgment has been filed.  In support of this proposition § 389 Mills Ann. Code is referred to.  The civil code has no application to criminal proceedings.  In the transcript of record lodged in this case, it appears from what is designated an "order," that the defendant has been convicted of the crime charged, and sentenced to the penitentiary.  This transcript is certified by the clerk of the district court as being a complete copy of certain orders entered in the case, and certainly is sufficient to show that a final judgment has been pronounced against the defend-

ant, and that she is now undergoing punishment for the offense charged.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*