[No. 2084.]

## GRAY v. SHARP ET AL.

**1. Evidence—Order of Introduction—Admissions.**

Where plaintiffs' witnesses testified that a certain transaction by defendant was a sale, and defendant, in his own behalf, testified that it was only a temporary loan, it was permissible for plaintiffs to call witnesses on rebuttal to testify to admissions made by defendant that the transaction was a sale.

**2. Same.**

In an action of replevin for a wagon, where plaintiffs claimed that their vendor had bought the wagon from defendant, and defendant claimed to have temporarily loaned the wagon to said vendor, and after said vendor had testified on behalf of plaintiffs that he bought the wagon from defendant, plaintiffs rested, and defendant, in his own behalf, testified that he did not sell the wagon but only loaned it, whereupon plaintiffs called other wit-

nesses on rebuttal, who testified that defendant had told them that he sold the wagon to plaintiffs' vendor, it was error to refuse to permit defendant to be recalled to deny or explain said admissions.

3. **Instructions—Not Responsive to Issues—Sales.**

   In an action of replevin for a wagon where plaintiffs claimed that their vendor purchased the wagon from defendant, and defendant denied that he sold the wagon, but claimed that he had only temporarily loaned it to plaintiffs' vendor, and there was no evidence tending to show that defendant invested said vendor with apparent ownership and title to the wagon, or permitted him to hold himself out to the world as the owner, it was error to instruct the jury that, although defendant had not sold the wagon to said vendor, if he invested him with apparent ownership and permitted him to hold himself out to the world as the owner, and on the strength of such apparent ownership, plaintiffs purchased it for a valuable consideration, they should find for plaintiffs.

4. **Same—Fraud.**

   In an action of replevin where the only issue was as to whether defendant had sold the wagon in controversy to plaintiffs' vendor or had only loaned it, it was error to instruct the jury upon the question of fraudulent conveyance of personal property.

*Appeal from the County Court of Otero County.*

Mr. O. G. HESS, for appellant.

Mr. R. S. BEALL and Mr. FRED A. SABIN, for appellees.

WILSON, P. J.

Plaintiffs Sharpe and Downey commenced this suit in replevin to recover possession of a wagon, basing their claim of title and right of possession upon the purchase by them from one Tracy Marsh, who it was claimed had bought the wagon from defendant. The defense was a denial of any sale by defendant to Marsh, and a claim of ownership by defendant. The possession by Marsh at the time of his pretended sale to the plaintiffs was explained on the ground that the

defendant Gray had temporarily loaned the wagon to him. Upon trial, plaintiffs introduced witnesses to prove a sale and delivery to them by Marsh, and the payment of a consideration. One of these witnesses was Marsh himself, who testified on cross-examination that he had actually bought the wagon from Gray, and had not borrowed it. On the part of the defense, evidence was then offered, principally the testimony of the defendant himself, in which it was positively denied that any sale had ever been made by defendant to Marsh. Defendant also testified that he had simply loaned the wagon to Marsh for temporary use until needed. In rebuttal, plaintiffs recalled Marsh, who testified in their behalf at more length in regard to the sale by Gray to him, and who positively denied that he was in possession of the wagon by reason of having borrowed it from Gray. Plaintiffs also introduced four or five witnesses, each of whom testified to the effect that defendant had told them respectively, at different times and places, that he had sold the wagon to Marsh. The defendant was then recalled by his counsel for the purpose, as stated, of denying and explaining these admissions testified to by the witnesses. The court, however, refused to allow him to be examined. In this we think there was material error. We do not agree with defendant's contention that the testimony as to these admissions was inadmissible at all in rebuttal, but should have been offered in the evidence in chief. They were properly receivable in rebuttal, but as they were really in the nature of new matter, furtherance of justice required that the defendant should have had the opportunity of which he sought to avail himself, to have placed before the jury a denial, or any explanation which he could make, of the admissions. The order of proof on a trial is largely, even under the requirements of the code, discretionary with the

court. Ordinarily, the rebutting evidence offered by him upon whom the burden of proof rests, concludes the introduction of evidence, but not always. Within the discretion of the court, for good reasons in furtherance of justice, the other party may be permitted to introduce evidence in response to that called forth by the rebuttal testimony.—Civil Code, sec. 187; Thompson on Trials, § 306, *et seq.* It is a matter resting within the sound discretion of the trial court, but this discretion must not be exercised to the prejudice of a party. As aptly said by the supreme court of Missouri, "Those rules for the orderly conduct of proceedings in courts of justice, which the law in its wisdom has placed somewhat in subjection to the discretion of the court must be enforced, or relaxed, by the court in furtherance of justice, and are not to be applied with such technical precision and unbending rigor as to produce injustice."—*Tierney v. Spiva,* 76 Mo. 282.

In this instance, we think the discretion of the court was unsoundly exercised. By it the defendant may have been placed at a great disadvantage. While on the witness stand he was not interrogated as to these alleged admissions, and he had no reason to anticipate, so far as the record shows, that these witnesses would testify to any such admissions made by him, and neither the trial court nor this court has a right to say that he could not have satisfactorily explained them. In any event, he was entitled to have his denial or explanation go to the jury.

One instruction which the court gave was as follows:

"You are instructed that if you find from the evidence that the defendant Alexander Gray did not so sell said wagon, but you do find that he on or about the first day of September, 1898, invested Tracy Marsh, the party from whom plaintiffs claim to have

purchased the wagon, with apparent ownership and
title of said wagon, and permitted him, the said
Marsh, to hold himself out to the world as the owner
of said wagon, and on the strength of said apparent
ownership plaintiffs purchased it for a valuable con-
sideration, no matter how great or how small, it will
be your duty to find for plaintiff.''

In so far as this instruction attempted to state
an abstract proposition of law, it might be correct,
and might be well given in a proper case, but this
was not such a case. As appears from the evidence
embraced in the abstract, the question upon which
the court attempted to instruct the jury was not
raised—was not in issue. There was no evidence
upon which to base it. All the testimony to which the
instruction could possibly be construed to have ap-
plication seems to have been only incidental, and
there was none of it inconsistent with the claim of de-
fendant that he had simply loaned the wagon to
Marsh. We find no evidence tending to show that the
defendant invested Marsh with apparent ownership
and title to the wagon, or permitted him to hold him-
self out to the world as the owner.

The court also gave another instruction as fol-
lows:

''You are further instructed that the statute of
Colorado provides that no conveyance of personal
property shall be adjudged fraudulent against pur-
chasers solely on the ground that it was not founded
on a valuable consideration, and before fraud can be
set up in a sale of personal property it must appear
that the purchaser had previous notice of the fraud-
ulent intent of his immediate grantor, and the burden
of proving this notice in this case is on the defend-
ant.''

We are unable to determine from the record up-
on what this instruction was based, or to what it was

intended to apply. The question at issue was not whether the sale if made at all from defendant to Marsh was fraudulent, nor whether the sale from Marsh to plaintiffs was fraudulent. It was whether there had been a sale at all by defendant to Marsh, or whether the wagon had simply been loaned. In other words, all of the testimony seems to have been directed to the issue as to whether Marsh had any title at all which he could sell or convey. The giving of this instruction, therefore, was also error, in the light of the evidence presented.

For these reasons the judgment will be reversed.

_Reversed._