## No. 25199

**The People of the State of Colorado v.
Bennie Thomas Martinez**

(506 P.2d 744)

Decided February 26, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Martinez was found guilty by a jury of unlawful possession of heroin. On appeal, he argues that the trial court erred in refusing him permission to testify in surrebuttal. We disagree and therefore affirm the conviction.

The defendant, who testified in his own defense, was specifically asked on both direct and cross-examination whether he had ever used narcotics including heroin. He denied that he ever used any narcotics. He also replied in the negative when asked whether he recalled making any contrary statements to a Mr. Adkisson, his classification officer at the Colorado State Penitentiary.

After the defense rested, Mr. Adkisson, as a rebuttal witness, produced a statement signed by the defendant to the effect that the defendant had, in fact, used narcotics. The defendant then sought permission to retake the stand to offer his explanation of the conflict between his testimony and the evidence furnished by prosecution witness Adkisson. The trial court denied the request in the following statement:

"THE COURT: As the Court views the testimony of Robert W. Adkisson and People's Exhibit 'C,' this is rebuttal testimony showing that Mr. Martinez's statement of yesterday, that he had not discussed narcotics with Mr. Adkisson, or had not made any statements relative to his involvement in narcotics, is rebutted, or at least is challenged, by People's Exhibit 'C,' which is a statement signed by Mr. Martinez that he had, in fact, been involved in narcotics. I think that that is an issue that was raised in the defense portion of the case.

"If the rebuttal was proper — and I think Mr. Crossman, on behalf of the State, made a special effort to call Mr. Martinez's attention to his interviews with Mr. Adkisson, and he simply stated that he had not made any such statement. People's Exhibit 'C' shows that he did make such a statement and that he signed the summary sheet.

"I believe that that's as far as we're able to go in this case. I don't believe that any surrebuttal on this point would be correct. And the Court will sustain the State's objection to Mr. Martinez being recalled for this purpose."

As a general rule, defendants should always be

permitted to introduce as surrebuttal, evidence which tends to meet *new* matter introduced by the prosecution on rebuttal. Otherwise, it is within the discretion of the trial court to allow or deny surrebuttal. *Gray v. Sharp,* 17 Colo. App. 139, 67 P. 351 (1902). *See also,* 53 Am. Jur. *Trial* § 122 and 88 C.J.S. *Trial* § 103 for cases from other jurisdictions in accord with the foregoing rule concerning surrebuttal by a defendant in criminal cases.

■ Since the defendant sought to discuss on surrebuttal matters that were not a reply to *new* evidence of the prosecution and had been specifically covered in earlier testimony, the trial court did not commit an abuse of discretion in denying the defendant's request.

Judgment affirmed.