THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS WHITE, Defendant-Appellant.

(No. 72-178;

Third District—October 26, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

James Christy, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

A jury found defendant, Dennis White, guilty of rape and burglary. The circuit court of Peoria County entered judgments of conviction on the verdicts and sentenced defendant to concurrent terms of from fifteen to twenty-five years and from ten to fifteen years in the penitentiary.

On this appeal defendant's principal assignment of error is his contention he was denied a fair trial because the trial court erroneously refused to permit him to introduce surrebuttal testimony. Because of the nature of the issue to be considered on this appeal, only a brief statement of the facts is required.

The complaining witness testified in great detail concerning an incident which took place in her apartment on May 6, 1971. According to her testimony, the defendant forced his way into her apartment, forcibly raped her and took her wallet. She identified the defendant from a photographic display, at a line-up after the defendant was arrested and again in open court. In describing her attacker the complaining witness indicated he was wearing a black trench coat and white shirt with red pinstripes.

Defendant testified in his own behalf, denying he was the person who committed the offenses charged. According to defendant, he was at a

pool hall during the period when the offenses were committed. During the cross-examination of defendant, the State's Attorney asked him whether he owned a black trench coat or white shirt with red pinstripes to which questions the defendant responded in the negative. After the defense rested the State was permitted to recall Police Officer Roscoe York to testify as a rebuttal witness. In substance Officer York testified he had seen the defendant at 10:30 A.M. three days prior to the incident and at that time defendant was wearing a black trench coat and red pinstriped white shirt. After York concluded his testimony, defense counsel then requested to be allowed to put on evidence in surrebuttal or in the alternative to reopen his defense. His request was denied.

In seeking to reverse the judgment of the trial court, defendant argues the refusal to permit his surrebuttal testimony was both erroneous and prejudicial. The State, in support of the judgment, argues the ruling of the trial court was proper, and in any event, the excluded testimony was merely cumulative and hence, even if erroneously excluded, the error was harmless.

The surrebuttal testimony which the defendant proposed to introduce was the testimony of four witnesses who had not previously testified. By way of an offer of proof, defendant indicated one of the witnesses, a supervisor at the alcoholic rehabilitation center, would testify the defendant was in his office during the morning hours of the day referred to by Officer York, thereby refuting the officer's testimony concerning defendant's presence at the time and place claimed by the officer.

■■■ In *Ross v. Danter Associates, Inc.*, 102 Ill.App.2d 354, 242 N.E.2d 330, the court said,

> "The purpose of surrebuttal is to permit the defendant to introduce evidence in refutation or opposition to new matters interjected into the trial by the plaintiff on rebuttal. City of Sandwich v. Dolan, 141 Ill. 430, 31 N.E. 416 and City of Rock Island v. Starkey, 189 Ill. 515, 59 N.E. 971. In other words, fairness requires that the defendant be permitted to oppose new matters presented by plaintiff for the first time which the defendant could not have presented or opposed at the time of the presentation of his main case. Contrarywise the purpose of surrebuttal is not the introduction of evidence merely cumulative to that presented by the defendant in its original presentation."

In a criminal case where the prosecution in rebuttal is permitted to introduce new matter, the accused may and should be permitted to introduce evidence in surrebuttal. (23 C.J.S., sec. 1050 (c).) In determining whether the State has introduced new matters into the trial by its rebuttal testimony, perhaps the most important consideration is whether

the testimony offered to contradict or effect the credibility of the rebuttal testimony could have been presented by the defendant in his case-in-chief. In applying this standard to the proposed testimony of the supervisor, who would have testified the defendant was present in his office at the time the police officer claimed to have seen the defendant on the street, we conclude such testimony would have been irrelevant and immaterial in the defendant's case-in-chief. The primary purpose and effect of Officer York's rebuttal testimony was to show defendant lied when he denied owning the described coat and shirt. The effect of such impeachment testimony does, of course, depend upon its credibility which could be questioned by the defendant only after York testified. We therefore conclude the State's rebuttal testimony did interject new matters into the trial and the court erred in denying the defendant an opportunity to oppose such new matters.

The question remains as to whether such error was prejudicial or harmless. We believe the error was prejudicial and that a new trial is required.

We agree with the State's contention that the testimony of the complaining witness identifying the defendant as her attacker was strong, positive and unequivocal. Yet, as is the usual case where alibi evidence is presented by the defendant, the evidence of the prosecution and defense is utterly irreconcilable thereby making the credibility of the witnesses of the utmost importance. Since the prosecution elected to buttress its case by presenting Officer York as a rebuttal witness to impeach the defendant's credibility, we are unable to agree with the prosecution that his testimony should now be regarded as immaterial or of little significance. Although we are unable to determine the effect Officer York's testimony might have had on the jury's verdict, we believe fairness requires the defendant should have been afforded an opportunity to present whatever opposing evidence he might have had.

The defendant has made other assignments of error regarding the sentences imposed, but in view of our decision, consideration of such errors is not required.

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and the case is remanded for further proceedings.

Reversed and remanded.

DIXON and SCOTT, JJ., concur.