THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GREGORY G. CANNON, Defendant-Appellant.

First District (5th Division)   No. 77-1154

Opinion filed July 14, 1978.

Ralph Ruebner and Kathy M. Morris, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ann Callum, and Stephen D. Ferrone, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant was convicted of burglary and sentenced to a term of one to three years. On appeal, he contends that (1) the prosecution improperly withheld information relevant to his case; (2) the trial court abused its discretion by unduly restricting the scope of his surrebuttal testimony; and (3) he was not proven guilty beyond a reasonable doubt.

Shortly after midnight in April 1976, when a marked Chicago police squad car was driven past an alley, Officer Alexander Curd, who was seated next to the driver, observed four or five males loading boxes into the trunk of a car parked in the alley approximately 30 feet from the entrance. The squad car was backed up and when Curd saw the men running away he left the squad car and ran towards the parked car while Officer David Dougherty drove the squad car around the block to the other end of the alley. As Curd neared the car, he noticed that it was parked next to Ali's Castle (a grocery store) and that the engine was not running. He also saw that the outside rear door of the store had been forced open and that boxes of food were scattered in the ground between the store and the car. After reaching the car, he drew his service revolver and fired at but did not strike any of the fleeing men.

Defendant, who was then seated in the driver's seat of the parked automobile, was placed under arrest but, since the trunk key was not in his possession, the car was driven to the police station where the trunk lock was removed. Inside the trunk, Curd and Dougherty found four boxes of food bearing the name of Ali's Castle.

Jimmy Alioman, owner of the grocery store, testified that he closed the store earlier that evening and authorized no one to enter nor to remove any property from it. Upon his return later, he found that the rear door

and the barred gate, which he had locked before leaving, had been forced open and that the goods which had been stacked were strewn inside and outside the store. Later he saw boxes of foodstuffs from the store in the trunk of defendant's automobile.

Defendant stated that on the evening of the occurrence he was with his girl friend at his mother's home when Cheeko, a man he had known for seven or eight months, rang the bell and asked defendant to drive him home. Cheeko explained that he had a television and other personal items from his sister's home and did not want the police to stop him. He told defendant that the property was not stolen, and defendant agreed (for $20) to drive him home. Cheeko then told him that the television and other items were in the alley behind defendant's home; whereupon, defendant gave Cheeko the trunk key and told him to put the television in the trunk when he pulled into the alley. Defendant's girl friend (Patricia Sledge) corroborated his conversation with Cheeko.

Defendant also stated that he walked to where his mother's car was parked and then drove it into the alley behind his home, where Cheeko and an unidentified man were standing. He stopped the motor and turned off the headlights—after which he heard the trunk open, and after four or five seconds it slammed shut. Cheeko and the other person then ran away, and he saw a policeman run past his car, stop at the hood and fire at Cheeko. The officer then walked back and ordered him out of the car. Defendant stated that he had remained in the car while it was in the alley; that he saw no one carrying anything; that he could not see what was being put into the trunk; that from where he sat he could not see the ground between his car and the rear of the store; that he had not known the store had been broken into or that anything had been taken from it; that he was not at the trunk when boxes were being put into it; and that he was not standing in the alley when the officer first arrived.

After the defense rested, the State was permitted to recall Curd as a rebuttal witness, and he testified that when the police car drove past the alley, he saw that the trunk of the car was open and that something was being loaded into it. After the squad car was backed up, he observed defendant at the trunk and then saw him getting into the driver's side of the automobile while the others fled down the alley. On cross-examination, he admitted testifying at the preliminary hearing that defendant entered the car from the passenger's side and that his police report made no reference to his having observed defendant standing near the trunk of the car. Then, on redirect examination, the State asked Curd about the content of a firearms use report which he prepared on the day of the burglary because he had fired his weapon. An objection was made on the ground that this report had not been tendered to the defense, pursuant to a discovery motion. The trial court, however, permitted Curd to testify that the report contained a narrative statement of events

surrounding the firing of his gun, which included a comment that he saw defendant standing near the trunk of the car and that he subsequently entered the driver's side of the car. Curd, nevertheless, again testified that defendant entered the driver's side.

Defendant and his mother were surrebuttal witnesses. She testified her car had been in an accident prior to the evening of the burglary and the door of the driver's side could not be opened more than four inches. Defendant also testified to the same condition of the door on the driver's side, but an objection was sustained to a question asked of him by his counsel concerning Curd's facial expression when he saw defendant seated in the car. An offer of proof was made that if defendant had been allowed to testify, he would have said that after Curd ran past the car and fired his weapon, he turned and walked back to the car and his facial expression then indicated he was surprised to see defendant sitting in the car.

OPINION

Defendant first contends that a new trial is required because the State withheld a report containing a relevant statement of a prosecuting witness. Supreme Court Rule 412(a) states, in pertinent part, that upon written motion of defense counsel the State shall disclose certain material and information within its possession or control. (Ill. Rev. Stat. 1975, ch. 110A, par. 412(a).) Rule 412(c) requires the State to disclose any material or information within its possession or control which tends "to negate the guilt of the accused as to the offense charged * * *."

In the instant case, a request for a list of witnesses and statements was made by defendant's first attorney, the public defender, and in its reply thereto the State included the name of Officer Curd as a trial witness and stated that "all memoranda, reporting or summarizing oral statements by witnesses are contained in police reports tendered to the defense in open court." The tendered police reports contained a reference to the firearms use report made by Officer Curd on the day of the burglary. Subsequently, when the public defender withdrew he gave defendant's new attorney those police reports, which apparently did not include the firearms use report. Defendant's new counsel, however, has admitted being aware of the existence of the report in question but made no specific request for its disclosure.

It is not asserted by defendant that there was anything in the report tending to negate his guilt; it is his position that he was deprived of a fair trial because the State did not tender the report or inform him of its relevance and availability for inspection.

■■ Where nonexculpatory material and information requested under Supreme Court Rule 412 is not provided, it is within the discretion of the trial court to admit the unfurnished evidence (*People v. Acevedo* (1976),

40 Ill. App. 3d 105, 351 N.E.2d 359; *People v. Musgray* (1976), 37 Ill. App. 3d 48, 344 N.E.2d 708), and such admission does not constitute error absent a showing by the accused of resulting surprise and prejudice (*People v. Raby* (1968), 40 Ill. 2d 392, 240 N.E.2d 595, *cert. denied* (1969), 393 U.S. 1083, 21 L. Ed. 2d 776, 89 S. Ct. 867; *People v. Musgray; People v. Jones* (1973), 13 Ill. App. 3d 684, 301 N.E.2d 85).

It was defendant's testimony that he was unaware of the burglary, having remained in the car while it was in the alley. After the defense rested, the State was permitted to recall Officer Curd as a rebuttal witness and he testified that when he first observed defendant the latter was standing at the trunk of the car and, at that time, boxes were being put in the car. On cross-examination, Curd admitted that a police report signed by him contained no statement that he had seen defendant outside the automobile. The prosecutor then inquired about a firearms use report he had prepared on the day of the burglary. An objection was made on the ground that defendant was unfairly surprised because, although aware of the report, he had no knowledge of its content. The objection was overruled, and it was then disclosed that the report included a statement that Curd first saw defendant standing behind the trunk of the car and that he later saw defendant enter the car from the driver's side.

The record is not clear as to whether defendant's first attorney had examined the firearms use report. It is clear, however, that the other reports he gave to defendant's new counsel included a reference to the firearms report. It is apparent also that, though aware of this report, defendant's new counsel made no specific request for it. Thus, his surprise, if any, resulted from his lack of knowledge of the content of the report. Moreover, we note that defendant has not argued in his briefs that he was prejudiced, nor do we see any from our examination of the record. In the light of all the evidence in this bench trial, including the testimony of Curd, independent of the report, that he saw defendant standing at the rear of the car while it was being loaded with boxes, we do not believe that the admission of the report was such a material factor in defendant's conviction to require a new trial.

Defendant next contends that the trial court abused its discretion in restricting the scope of his surrebuttal testimony.

■■ Rebuttal evidence is that which is produced to explain, repel, contradict, or disprove the evidence of the defendant (*People v. Daugherty* (1969), 43 Ill. 2d 251, 255, 253 N.E.2d 389, 391) and may be admitted even if such evidence would have been admissible as part of the State's case in chief (*People v. Waller* (1977), 67 Ill. 2d 381, 367 N.E.2d 1283; *People v. Lion* (1957), 10 Ill. 2d 208, 139 N.E.2d 757).

Surrebuttal evidence is permitted to be introduced by a defendant to refute or oppose new matters interjected into the trial by the State on rebuttal. (*People v. White* (1973), 14 Ill. App. 3d 1079, 303 N.E.2d 36.) As

stated in *Ross v. Danter Associates, Inc.* (1968), 102 Ill. App. 2d 354, 242 N.E.2d 330:

> "[F]airness requires that the defendant be permitted to oppose new matters presented by plaintiff for the first time [on rebuttal] which the defendant could not have presented or opposed at the time of the presentation of his main case. Contrarywise [*sic*] the purpose of surrebuttal is not the introduction of evidence merely cumulative to that presented by the defendant in its original presentation." 102 Ill. App. 2d 354, 367, 242 N.E.2d 330, 336.

In determining whether the State has introduced new matter into the trial by its rebuttal testimony or merely disproved the evidence presented in defendant's defense, the court in *White* stated that the most important question to be considered is "whether the testimony offered to contradict or effect the credibility of the rebuttal testimony could have been presented by the defendant in his case-in-chief." 14 Ill. App. 3d 1079, 1081-82, 303 N.E.2d 36, 37.

Here, as stated above, defendant testified that he was unaware of the criminal activities occurring in the alley—having been seated in his car at all times during his presence there prior to the arrival of the police. Officer Curd testified in rebuttal that he saw defendant standing by the trunk and subsequently saw him enter the car. Defendant then sought to testify in surrebuttal as to Curd's facial expression when he looked into the car. An objection that the testimony was beyond the scope of rebuttal was sustained, following which an offer of proof was made that defendant would, if allowed to testify, say that he observed Curd's facial expression at that time and in his opinion Curd appeared to be surprised that he was seated in the car.

■■■ Where the State is permitted to introduce new matter in rebuttal, the accused should be permitted to introduce evidence in surrebuttal to contradict or affect the credibility of the rebuttal testimony. (*White.*) The only evidence that defendant was standing at the trunk of his car or that he subsequently entered the car came in the rebuttal testimony of Curd. Thus, it obviously was new matter concerning which defendant should have been permitted to introduce evidence affecting its credibility. Since defendant's offered testimony had no relevance prior to Curd's testimony on rebuttal and because it went to Curd's credibility, we believe it should have been admitted. However, such error may be deemed harmless where there is no reasonable possibility that it could have affected the outcome of the trial. (*People v. Limas* (1977), 45 Ill. App. 3d 643, 359 N.E.2d 1194.) Here, it was established that the rear of the store had been broken into and boxes of merchandise were taken from it and strewn in a path from the store to the back of defendant's automobile in the alley behind the store, and when those facts are considered with the testimony of Curd that he had observed defendant at the open trunk of the car while

boxes of merchandise were being placed in it, we are led only to the conclusion that the failure to permit testimony as to Curd's facial expression as indicating surprise was harmless error.

We now consider defendant's contention that he was not proven guilty beyond a reasonable doubt. In support of this argument, he points out that his testimony of nonparticipation in the burglary was contradicted only by Officer Curd, whose testimony he maintains was unreliable and insufficient to support his conviction. We disagree.

■■ Where evidence is conflicting, it is the peculiar prerogative of the trier of fact to ascertain the truth (*People v. Hammond* (1970), 45 Ill. 2d 269, 259 N.E.2d 44), and a reviewing court may not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of witnesses (*People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313), and we will not reverse a criminal conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt (*People v. Stringer* (1972), 52 Ill. 2d 564, 289 N.E.2d 631). Furthermore, where identification is at issue, the testimony of one witness is sufficient to convict even though such testimony is contradicted by the accused, provided the witness is credible and he viewed the accused under such circumstances as would permit a positive identification to be made. *Stringer.*

■■ Here, defendant maintains that he was seated in his car at all times and was an unwitting nonparticipant in the burglary. To the contrary, Officer Curd's testimony placed him at the trunk while it was being loaded with boxes. Curd observed this as he was running down the well-lighted alley, and we believe the circumstances were such as would permit a positive identification of defendant at that time. (*Stringer.*) Defendant also argues that Curd gave conflicting testimony concerning the side of the car that defendant entered and that it was unusual for a police officer to stop at the side of the car to shoot at a fleeing participant knowing that defendant was in the car with the possibility that he might have a weapon. We see no merit to these arguments, as they went to the credibility of the witness. Curd and other witnesses testified that the store had been broken into and that boxes of food with the name of the store inscribed on them were scattered on the ground between the store and the back of the car, with similar boxes later found in the trunk of the car, and considering the totality of all the circumstances, we cannot say that the evidence was so improbable as to raise a reasonable doubt of guilt.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.