The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Bruce A. SOMERVILLE, Defendant-Appellant.

No. 83CA0303.

Colorado Court of Appeals, Div. IV.

Feb. 14, 1985.

Rehearing Denied March 21, 1985.

Certiorari Denied Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Pub. Defender, Cary C. Lacklen, Deputy State Pub. Defender, Boulder, for defendant-appellant.

HODGES, Justice.[*]

Defendant, Bruce A. Somerville, appeals from a judgment of conviction of felony menacing entered on a jury verdict. We affirm.

The evidence at trial established that on March 12, 1982, defendant, in a despondent and agitated condition, appeared at the Boulder County Justice Center armed with a knife and a pair of scissors. In the course of a confrontation with persons there, defendant put his arm around a police officer's neck and held the knife against the officer's throat, shouting, "Stay away, or I'll kill him." Defendant was then disarmed by other policemen.

Although defendant did not testify during his case-in-chief, evidence was introduced that defendant suffered from a personality disorder and alcoholism,- that he had been prescribed barbiturates shortly before the incident, and that ingestion of alcohol and barbiturates could cause poor impulse control in individuals suffering from defendant's disorder.

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

The victim testified on rebuttal that defendant did not appear to be intoxicated and did not smell of alcohol. The defense then attempted to call defendant in surrebuttal to testify as to his ingestion of intoxicants during the hours before the incident. The trial court refused to permit the surrebuttal testimony.

## I.

On appeal, defendant asserts that the trial court erred in refusing to permit surrebuttal testimony. We disagree.

■ It is within the discretion of the trial court whether to allow surrebuttal on matters specifically covered in earlier testimony. *People v. Hansen*, 191 Colo. 175, 551 P.2d 710 (1976); *People v. Martinez*, 181 Colo. 27, 506 P.2d 744 (1973).

■ Here, the defense adduced evidence in support of its intoxication theory, and the People's rebuttal testimony related only to the issue of defendant's intoxication and did not touch on any matters not introduced by defendant in his case-in-chief. *Cf. People v. Hutto*, 181 Colo. 279, 509 P.2d 298 (1973) (rebuttal testimony by unendorsed witness). Thus, we conclude that, in view of defendant's opportunity to testify on his own behalf during his case-in-chief, exclusion of defendant's surrebuttal testimony was within the trial court's discretion.

## II.

Defendant contends that the judgment should be reversed because the trial court failed to determine whether his waiver of the right to testify at trial in his own behalf was made knowingly, intelligently, and voluntarily.

■ *People v. Curtis*, 681 P.2d 504 (Colo.1984) holds that the existence of an effective waiver of the right to testify must be ascertained by the trial court on the record. However, this holding was given only prospective effect, and thus, is inapplicable here. In trials conducted prior to *People v. Curtis*, as is the case here, it is necessary only to determine from the record whether the waiver was voluntary, knowing, and intentional.

■ Here, the defendant does not claim that the waiver of his right to testify during his case-in-chief was not voluntary, knowing, and intentional. And upon reviewing the record, we find that it shows the waiver to be constitutionally proper.

## III.

■ Defendant next contends that the trial court erred in refusing to instruct the jury that voluntary intoxication and impaired mental condition are defenses to a specific intent crime. We find no error.

The information against defendant set forth both theories of felony menacing, that is, that defendant placed the victim in fear of imminent serious bodily injury, and that he attempted to do so. *See* § 18–3–206, C.R.S. (1978 Repl.Vol. 8). At trial, the People moved to amend the information to strike the "attempt" language. Although the court failed to act on this motion, the jury instruction setting forth the elements of the crime did not contain the "attempt" language.

Defendant argues that felony menacing under the attempt theory is a specific intent crime, and that the jury therefore should have been instructed that voluntary intoxication and impaired mental condition were defenses thereto. However, inasmuch as the jury was not instructed on the "attempt" theory, this contention is without merit.

## IV.

Defendant also claims that the trial court erred in its instructions on involuntary and voluntary intoxication.

■ Involuntary intoxication is an affirmative defense to a general intent crime if as a result of that intoxication the defendant lacks the capacity to conform his conduct to the law. Section 18–1–804(3), C.R.S. (1978 Repl.Vol. 8).

Section 18–1–804(5) provides that intoxication is self-induced or voluntary if it is:

"caused by substances which the defendant knows or ought to know have the tendency to cause intoxication and which he knowingly introduced or allowed to be introduced into his body, unless they were introduced pursuant to medical advice or under circumstances that would afford a defense to a charge of crime." The defendant must introduce some credible evidence of an affirmative defense in order to warrant submission of the defense to the jury. *See People v. Turner,* 680 P.2d 1290 (Colo.App.1983).

■ Here, while there was some evidence that defendant was intoxicated, there was no evidence that defendant took any intoxicants pursuant to medical advice or under circumstances that would afford a defense to crime, or that defendant was unaware of the intoxicating effect of any substances that he may have ingested. Moreover, there was uncontroverted evidence that defendant was informed by the physician who prescribed the barbiturates that he should not take them with alcohol. Because defendant failed to adduce any evidence of involuntary intoxication, the instructions distinguishing between voluntary and involuntary intoxication should not have been given in the first place. Thus, any error in such instructions was harmless. Indeed, if anything, the defendant was benefitted and not prejudiced by the instructions.

## V.

■ We also reject defendant's contention that the trial court erred in its instructions regarding impaired mental condition and the mental state of "knowingly." Our review of these instructions persuades us that they adequately informed the jury of the law applicable to this case.

## VI.

■ Defendant's final contention is that a prosecutorial remark regarding a witness not called at trial constitutes reversible error. While we agree the prosecutor's remark was improper, the misconduct was not so egregious as to constitute reversible error. *See People v. Marin,* 686 P.2d 1351 (Colo.App.1983).

Judgment affirmed.

ENOCH, C.J., and SILVERSTEIN, J., concur.