The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Harry Martin BROCKMAN, Defendant-Appellant.

No. 83SA361.

Supreme Court of Colorado, En Banc.

May 20, 1985.

Duane Woodard, Colorado Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., Nathan B. Coats, Deputy Atty. Gen., Appellate Section, Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin J. Gerra III, Deputy State Public Defender, Alison E. Graves, Special Deputy State Public Defender, Denver, for defendant-appellant.

DUBOFSKY, Justice.

The defendant, Harry Martin Brockman, appeals his Jefferson County District Court conviction and sentencing on two counts of aggravated robbery under section 18–4–302, 8 C.R.S. (1978), and two counts of violent crime under sections 16–11–309 and 18–1–105(9), 8 C.R.S. (1984 Supp.). The defendant maintains that his conviction must be vacated because of the court's refusal to permit him to present surrebuttal evidence intended to rehabilitate his chief alibi witness, whose credibility had been impeached by the People's rebuttal evidence. Because the district court abused its discretion in denying the defendant's request for surrebuttal, we reverse the defendant's conviction and remand the case for a new trial.

On December 3, 1981, around 8:00 p.m., a man carrying a gun robbed the clerk at a Royal Shamrock gas station in Golden of $160. About twenty minutes later an armed man of similar appearance robbed a Taco John's restaurant also in Golden of $215. One of the witnesses at the Shamrock station, a teenager who was filling his car with gasoline, thought he recognized the robber as someone he had known several years before when he lived in Central City. Over the next several weeks, three photographic lineups were shown to witnesses of each robbery. None of the witnesses identified any of the pictures as that of the robber, but when the third lineup was shown to the teenager, he informed a police officer that he remembered that the name of the person from Central City was "Buddy." A fourth photographic lineup included a picture of the defendant, Harry "Buddy" Brockman, and the four witnesses who were shown the lineup selected the defendant's picture as that of the robber or as close to the appearance of the robber.

On the basis that the photographic lineups were impermissibly suggestive, the defendant moved before trial to suppress them as well as any in-court identification by the witnesses. The defendant also moved to prevent the introduction at trial of any evidence of his 1959 armed robbery conviction, which was obtained in violation of his right to counsel under *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9

L.Ed.2d 799 (1963). After a hearing, the district court granted the motion to suppress the prior conviction. The court also suppressed evidence of the photo lineup identifications, but determined that the in-court identifications would derive from an independent source of identification and therefore could be admitted at trial.

At trial the defendant presented an alibi defense that he had spent the night of December 3rd at the National Mine shop above Central City, where he kept track of activity in the shop at night in exchange for sleeping quarters. His alibi witness for the period when the robberies occurred was Bruce Jacobson, a friend who had been working in the shop on a Kenworth dump truck the evening of December 3rd. Jacobson testified that the defendant entered the shop around 8:00 and went upstairs to his sleeping quarters. Jacobson spoke with the defendant again around 10:30 or 11:00. Other witnesses testified that they saw the defendant in Central City earlier in the evening.

In rebuttal, the court allowed the prosecution to impeach the credibility of Jacobson, the defendant's most important witness, by introducing a stipulation that Jacobson had been fired from the National Mine the day after the robberies occurred,[1] rather than a week and a half later as Jacobson and the defendant had testified. The court denied the defendant's request to present as surrebuttal evidence company records showing that Jacobson had worked on the Kenworth dump truck the night of December 3rd,[2] which would have supported Jacobson's testimony that he remembered seeing the defendant on that night in particular.

The jury returned a verdict of guilty on both counts of aggravated robbery and both counts of violent crime. At the sentencing hearing, over the defendant's objection, the district court took into account a sentencing report that mentioned the defendant's unconstitutional conviction in 1959. The court also ruled on the defendant's motion that conviction under both the aggravated robbery and violent crime statutes was unconstitutional, holding that the defendant had not proved the violent crime statute unconstitutional beyond a reasonable doubt. The defendant received two consecutive nine year sentences for the two robberies. These sentences were each one year longer than the presumptive range for aggravated robbery, see §§ 18–4–302(3), 18–1–105(1)(a)(I), bringing them within the range required by the violent crime statute, see §§ 16–11–309(1)(a), 18–1–105(9)(a).

The defendant appeals the court's denial of his motion to suppress the witnesses' in-court identifications; the court's refusal to permit him to present surrebuttal evidence; the court's denial of his request to substitute his tendered alibi instruction for the alibi instruction given; the court's consideration of his unconstitutionally obtained 1959 conviction for purposes of sentencing; and the court's ruling that the violent crime sentencing statute as applied to convictions for aggravated robbery is constitutional.[3] Because the court's refusal to permit the defendant to present surrebuttal evidence constitutes reversible error, the case must be remanded for retrial. Therefore, we do not address the other issues raised by the defendant.

■ The defendant claims that the district court erred in refusing to allow him to

---

1. The prosecution intended to call a rebuttal witness to provide a foundation for introduction into evidence of the mine's personnel records to show that Jacobson was fired on December 4th. For reasons that do not appear fully in the record, the defendant stipulated to the date Jacobson was fired. The defendant's counsel argued on a number of grounds that the stipulation should not be admitted, but the court overruled the defense objections.

2. The records were in the custody of the F.B.I.; apparently defense counsel contemplated a further stipulation that the records would confirm Jacobson's work on the truck on the evening of December 3rd.

3. This case was transferred from the Court of Appeals under section 13–4–110, 6 C.R.S. (1973) because the defendant challenged the constitutionality of a statute.

present surrebuttal evidence to support alibi witness Jacobson's claim that, while working on a Kenworth dump truck on the night of the robbery, he remembered seeing the defendant at the mine shop. The only rebuttal evidence presented by the prosecution was a stipulation that Jacobson had been fired from his position with the mine on December 4, 1981. The rebuttal evidence contradicted the testimony of both Jacobson and Brockman, who had stated that Jacobson was fired at least a week after December 3rd.

■ A decision whether to allow surrebuttal generally lies within the discretion of the trial court. However, the court should allow a defendant to introduce evidence on surrebuttal that tends to meet new matter presented by the prosecution on rebuttal. *People v. Hutto,* 181 Colo. 279, 509 P.2d 298 (1973); *see People v. Martinez,* 181 Colo. 27, 506 P.2d 744 (1973); 6 J. Wigmore, *Evidence* § 1874 (J. Chadbourn rev. 1976). In *Hutto,* the People were allowed to call in rebuttal a witness not endorsed on the original information. The witness testified that, while she was in the parking lot of a cafe, she saw the defendant in an alley near the scene of the burglary. The defense sought surrebuttal to present testimony that it would have been impossible from the parking lot to see the alley, 2½ blocks away, where the defendant allegedly was sighted. The trial court denied the defendant's requested surrebuttal, and this court reversed, holding that under the facts presented the defendant had a right to impeach the witness' testimony. *Hutto,* 181 Colo. at 282, 283, 509 P.2d at 300.

Rather than impeachment of a prosecution witness, as in *Hutto,* the present case involves rehabiliation of an impeached alibi witness for the defendant. The district court held that the proposed surrebuttal evidence related only to Jacobson's employment on December 3rd, and did not tend to meet the rebuttal evidence, which related only to Jacobson's employment on and af-

ter December 4th. Therefore, the court held that the defendant was not entitled to present surrebuttal evidence. The court's analysis, however, ignores the purpose for which the rebuttal evidence was introduced. The question of whether Jacobson was employed after December 3rd affected the credibility of Jacobson and Brockman regarding the date they saw each other in the mine shop. The company records that the defendant proposed to introduce on surrebuttal would have verified that Jacobson had worked on the Kenworth dump truck on the evening of December 3rd, and therefore would have implied that he accurately recalled the night in question. The question before us, therefore, is whether a defendant may be entitled to surrebuttal to rehabilitate an alibi witness who had been impeached on rebuttal. We see no reason to treat rehabilitation of an alibi witness differently than the impeachment of the prosecution witness in *Hutto.*

Courts of various jurisdictions differ as to when surrebuttal should be granted, from Ohio, which has no provision for surrebuttal as of right, *see State v. Blanton,* 111 Ohio App. 111, 170 N.E.2d 754 (1960), to Mississippi, which allows surrebuttal evidence whenever rebuttal evidence has been introduced and the denial of surrebuttal might be prejudicial to the defendant, *see Edge v. State,* 393 So.2d 1337 (Miss.1981). Most jurisdictions allow surrebuttal evidence only to meet new matter introduced by the prosecution on rebuttal. *See United States v. Glass,* 709 F.2d 669 (11th Cir. 1983); *Turner v. United States,* 441 F.2d 736 (5th Cir.1971); *State v. Young,* 116 Ariz. 385, 569 P.2d 815 (1977); *People v. White,* 14 Ill.App.3d 1079, 303 N.E.2d 36 (1973); *Howard v. Commonwealth,* 227 Ky. 142, 12 S.W.2d 324 (1928); *State v. Parrish,* 434 So.2d 475 (La.Ct.App.1983); *State v. Doe,* 99 N.M. 456, 659 P.2d 908 (N.M.Ct.App.1983); *State v. Harris,* 12 Wash.App. 381, 529 P.2d 1138 (1974); *State v. Alexander,* 78 Wyo. 324, 324 P.2d 831 (1958), *cert. denied,* 363 U.S. 850, 80 S.Ct. 1630, 4 L.Ed.2d 1733 (1960). The courts

that have considered whether surrebuttal evidence should be allowed as of right to rehabilitate an impeached alibi witness have held that the impeachment of an alibi witness is a new matter that a defendant has a right to address on surrebuttal. *Turner v. United States*, 441 F.2d 736 (5th Cir.1971); *People v. White*, 14 Ill.App.3d 1079, 303 N.E.2d 36 (1973); *State v. Harris*, 12 Wash.App. 381, 529 P.2d 1138 (1974); *see also Howard v. Commonwealth*, 227 Ky. 142, 12 S.W.2d 324 (1928) (surrebuttal evidence should have been allowed to corroborate defendant's testimony impeached on rebuttal).

Allowing surrebuttal to rehabilitate alibi witnesses impeached on rebuttal is consistent with *Barry v. People*, 29 Colo. 395, 68 P. 274 (1902), which held that a defendant should have been allowed surrebuttal to corroborate her affirmative defense after it had been impeached on rebuttal. As the defendant in the instant case had no need to present extrinsic evidence to corroborate the testimony of Jacobson during his case-in-chief, surrebuttal was the only means by which he could verify that Jacobson remembered the night of December 3rd in particular. *See People v. White*, 14 Ill. App.3d 1079, 303 N.E.2d 36.

The prosecution's closing argument focused on Jacobson's credibility, asserting that if Jacobson was so certain that his termination was on December 15th, a week and a half after he had seen the defendant as described in his testimony, and Jacobson actually lost his job on December 4th, his testimony about seeing the defendant on December 3rd could not be correct. In such a situation, it is unfair to the defendant to forbid him to corroborate his witness' testimony. The court's denial of surrebuttal was not harmless error; the rebuttal presented by the prosecution cast doubt on whether the defendant's premier alibi witness actually remembered the night in question. We therefore reverse and remand this case to the district court for a new trial.

Judgment reversed and case remanded.